## Pottsgrove School District *v.* Pennsylvania Labor Relations Board, Appellant.

Argued September 28, 1972; reargued November 14, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Francis A. Zulli,* Assistant Attorney General, with him *James F. Wildeman,* Assistant Attorney General, for appellant.

*Philip Salkin,* with him *Pearlstine, Salkin, Hardiman, Hunn & Robinson,* for appellee.

OPINION PER CURIAM, May 4, 1973:

The brief of appellant, the Pennsylvania Labor Relations Board states, on its cover, that this is an appeal from an order of the Court of Common Pleas of Montgomery County at No. 71-11610. The order is not identified by date. Presumably the order referred to is one entered February 28, 1972, which concluded that jurisdiction to set aside a final order of the Pennsylvania Labor Relations Board, certifying a collective bargaining agent of certain employees of Pottsgrove School District, lay with the Commonwealth Court, and which then directed that "the entire proceeding" be certified to that court. This action by the court of common pleas, however, sustained the position of the Board as set forth in its preliminary objections, and there was no reason whatever for it to appeal therefrom.

The Commonwealth Court, when the case came to it, raised on its own motion the issue of its jurisdiction to entertain the "petition in appeal" of the Pottsgrove School District to set aside the order of the Labor Relations Board. It concluded that such jurisdiction lay not with it but with the Court of Common Pleas of Montgomery County. Finding that the appeal was im-

providently transferred to it, the Commonwealth Court ordered the record of the case retransferred to Montgomery County. This order, and a per curiam opinion in support and explanation thereof, was entered March 10, 1972. On March 29, 1972, the instant appeal was taken and would be timely with respect to either the order of the Commonwealth Court or the Court of Common Pleas. On page 4 of the Labor Board's brief to us it is stated that "[i]t is from this opinion [sic] of the Commonwealth Court that this appeal is taken". We are therefore confirmed in our supposition that this appeal is, in fact, from the order of the Commonwealth Court retransferring the cause to the Court of Common Pleas of Montgomery County, and will treat it as such.

That established, the question arises of the appellate jurisdiction of the Supreme Court. Section §203 of the Appellate Court Jurisdiction Act, Act of July 31, 1970, 17 P.S. 211.203, relied upon by appellant, gives this court jurisdiction of appeals from final orders of the Commonwealth Court only in those matters which were originally commenced in that Court and which do not constitute an appeal from another court, an administrative agency or a justice of the peace. Appellee argues, and we agree, that this case does not come within the terms of §203.

Section 204 of the Appellate Court Jurisdiction Act permits final orders of the Commonwealth Court not reviewable under §203 to be reviewed by the Supreme Court upon allowance of appeal. Paragraph (b) of §204 provides: "(b) If an appeal is improvidently taken to the Supreme Court under section 203 of this act in a case where the proper mode of review is by petition for allowance of appeal under this section, this alone shall not be a ground for dismissal, but the papers whereon the appeal was taken shall be regarded and acted on as a petition for allowance of appeal and as if duly filed at the time the appeal was taken."

Act of July 31, 1970, P. L. 673, No. 223, art. II, §204.

We have, accordingly, treated the appeal papers herein as a petition for allowance of appeal from the order of the Commonwealth Court entered March 10, 1972. So viewed, we hereby grant the petition for leave to appeal.

As to the merits, we are satisfied, after mature consideration, that the order of the Commonwealth Court from which the appeal was taken was correct, and that further elucidation of the matter by this Court would serve no useful purpose. We therefore affirm said order.

---

DISSENTING OPINION BY MR. JUSTICE ROBERTS:

I dissent and would reverse because the jurisdiction to hear this appeal from the order of the Pennsylvania Labor Relations Board—a state administrative agency—is with the Commonwealth Court, not the Court of Common Pleas of Montgomery County. Section 403 of the Appellate Court Jurisdiction Act provides:

"The Commonwealth Court shall have exclusive jurisdiction of appeals from final orders of administrative agencies in any of the following cases:

"(1) All appeals from administrative agencies of the Commonwealth under the Administrative Agency Law or otherwise. . . ." Act of July 31, 1970, P. L. 673, Art. IV, §403, as amended, 17 P.S. §211.403 (Supp. 1972).

In my view, the majority by holding that jurisdiction lies with the Montgomery County Court of Common Pleas mistakenly relies upon Section 1502 of the Public Employe Relations Act (Act of July 23, 1970, P. L. 563, Art. XV, §1502 as amended, 43 P.S. §1101.-1502) rather than upon the controlling Appellate Court Jurisdiction Act.

The Statutory Construction Act mandates that "[w]henever the provisions of two or more laws passed

during the same session of the legislature are irreconcilable, the law latest in date of final enactment, irrespective of its effective date, shall prevail from the time it becomes effective. . . ." Act of May 28, 1937, P. L. 1019, Art. IV, §65, 46 P.S. §565. The pertinent provision of Section 403 of the Appellate Court Jurisdiction Act, being later in time of enactment than the Public Employee Relations Act, must prevail.

Accordingly, jurisdiction is clearly with the Commonwealth Court.

Mr. Justice MANDERINO joins in this dissenting opinion.