## William Ross, et al., Appellants, *v.* Thomas Keitt, et al., Appellees.

376

Argued May 9, 1973, before President Judge Bow-MAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Sheldon L. Albert,* Chief Deputy City Solicitor, with him *Howard D. Scher,* Assistant City Solicitor, and *Martin Weinberg,* City Solicitor, for appellants.

*Stephen F. Gold,* with him *George Gould, Johnathan M. Stein* and *Laurence M. Lavin,* for appellees.

OPINION BY PRESIDENT JUDGE BOWMAN, August 7, 1973:

The sole issue in this appeal is whether the Commonwealth of Pennsylvania is an indispensable party to a class action in equity brought by several students, their parents and guardians and several citizen groups against the Board of Education, City Council and named public officials of the City of Philadelphia. The gravamen of the complaint avers that because of the failure or refusal of defendants to perform statutory duties which resulted in deficit and inadequate financing of the public schools for the fiscal year July 1, 1972, to June 30, 1973, the school children will be denied statutorily and constitutionally mandated educational standards.

If the Commonwealth is an indispensable party, this Court has exclusive original jurisdiction over the subject matter and a court of common pleas is without such jurisdiction. Sections 401 and 508(c), Appellate Court Jurisdiction Act of July 31, 1970, P. L. 673, 17 P.S. §§211.401 and 211.508(c); *United States Cold Storage Corporation v. Philadelphia,* 427 Pa. 624, 235 A. 2d 422 (1967); *Merner v. Department of Highways,* 375 Pa. 609, 101 A. 2d 759 (1954).

The lower court concluded that the Commonwealth was not an indispensable party and dismissed a preliminary objection raising this issue. Speaking through President Judge JAMIESON, it said:

"Defendants argue that Rule 2227(a) of the Pa. R.C.P., requires the joinder of the Commonwealth of Pennsylvania as a party defendant. . . .

"Rule 2227 deals with compulsory joinder. Subsection (a) provides: 'Persons having only a joint interest in the subject matter of an action must be joined on the same side as plaintiffs or defendants.' The editorial note to Rule 2227(a) indicates that this rule makes the joinder of parties mandatory only in those cases in which the right or liability in suit is solely joint. If the liability is joint or several, the joinder of all persons in interest is not required.

"Thus, where the obligations of defendants under a contract are clearly joint, all the obligors must be joined as defendants. Joint owners of property causing an injury to plaintiff must be joined as defendants. In proceedings for partition or escheat of specific real or personal property, the joinder of all parties in interest is required. Goodrich Amram, Procedural Rules Service, Commentary 2227(a)(2).

"In equity actions, a party is indispensable when his interest in the proceeding is of such nature that a final decree cannot be made therein without affecting his interest or leaving the controversy in such a condition that a final determination may be wholly inconsistent with equity and good conscience. Gardner v. Allegheny County, 382 Pa. 88, 114 A. 2d 491 (1955).

"It is obvious that the Commonwealth has an interest in the outcome of this litigation because of the obligation of the General Assembly under Article III, Section 14, of the Pennsylvania Constitution, to provide for the maintenance and support of a thorough and ef-

ficient system of public education. This is an obligation which is ultimately that of the General Assembly and it cannot be avoided by delegation to the School District and City Council. However, it is obvious that a decree mandating that the School Board balance its budget and that City Council take the necessary steps to fund the operation of the schools for a full school year will simply carry out the ultimate duties or obligations of the Commonwealth. It will affect the Commonwealth only in the sense that an appropriate court order will cause the Board and Council to perform the duty the General Assembly has delegated to the defendants, viz:—the maintenance and support of a thorough and efficient system of public education. Nor do we foresee, at this juncture, that a final determination of plaintiffs' claim will leave the controversy in such a condition as to be wholly inconsistent with equity and good conscience.

"In short, plaintiffs contend that the students of the public schools in Philadelphia County are being educationally short-changed and that it is likely they will not receive the minimal days or hours of education required by the Public School Code for this fiscal year. Their claim, if substantiated, is that the situation has arisen because the Board and City Council together have abused and ignored their fiscal responsibilities delegated to them by the General Assembly. This failure, plaintiffs contend, is of such magnitude as to violate plaintiffs' state and federal constitutional rights. This is a distinct claim against the Board and City Council arising initially out of an alleged violation of statutory duties. If plaintiffs prove their case, an appropriate final decree will direct that the Board and Council do their duty. A final decree would not require any action on the part of the Commonwealth. If plaintiffs fail to establish a violation of a statutory

duty and a violation of their constitutional rights then, of course, there would be no relief granted against the Board and City Council, and, again, the Commonwealth would not be involved." [Footnotes omitted.] No. 2849 September Term, 1972, February 16, 1973.

We agree with the conclusion reached by the lower court and with much of what it said in so concluding. However, we view the question of the indispensability of the "Commonwealth of Pennsylvania" to any cause of action or proceedings as considerably more complex than simply considering rules of civil procedure and decisional law as adopted and developed within traditional concepts of parties to actions at law. Suits may be brought against the Commonwealth only "in such manner, in such courts and in such cases as the Legislature may by law direct.' Pa. Const. art. I, §11. This immunity has been held to extend to actions in equity. *Philadelphia Life Insurance Company v. Commonwealth,* 410 Pa. 571, 190 A. 2d 111 (1963). It is also counterproductive to speak generally of the Commonwealth of Pennsylvania or simply the Commonwealth without drawing a distinction between the sovereign state itself and its executive officers or officials, since suits against the sovereign, including those in equity, are within the immunity doctrine while those against executive officers or officials in certain classes of action are not. *Philadelphia Life Insurance Company, supra.*

Beneath the surface also lie difficult constitutional issues such as the doctrine of separation of powers and judicial restraint inherent in our tripartite form of government if the sovereign state itself is found to be an "indispensable party" and not immune from suit. Depending upon the cause of action asserted and the relief to be afforded in meaningful resolution of the issue, the legislative branch as well as the executive

branch may be involved. If that relief requires affirmative action by the legislative branch, then these issues are real and not mere constitutional abstractions. *See Commonwealth ex rel. Carroll v. Tate*, 442 Pa. 45, 274 A. 2d 193 (1971), *cert. denied*, 402 U.S. 974 (1971); *Commonwealth v. Bucks County*, 8 Pa. Commonwealth Ct. 295, 302 A. 2d 897 (1973), *aff'g per curiam*, 22 Bucks Co. L. Rep. 179 (1972); *Tate v. Antosh*, 3 Pa. Commonwealth Ct. 144, 281 A. 2d 192 (1971).

We allude to these complexities and the problems they raise without specifically applying them to the appeal before us except to the extent that the Commonwealth of Pennsylvania—as a sovereign state—should not be declared to be an indispensable party to an action or proceedings, including the one below, unless such action cannot conceivably be concluded with meaningful relief without the sovereign state itself becoming directly involved.

Order affirmed.

Judge CRUMLISH, JR. dissents.

---

CONCURRING OPINION BY JUDGE KRAMER:

I concur in the result only. Although I agree with the opinion of the majority that "the Commonwealth" is too general a term to describe an indispensable party for the purposes of this case, I want to make it clear that I believe the ultimate responsibility for providing the constitutional mandate to establish and maintain a "thorough and efficient system of public education" rests squarely on the General Assembly of Pennsylvania, and not solely on this or any other school district. Although the General Assembly may delegate its duties, it may not absolve itself from the responsibility to fully perform a clear constitutional mandate, when its agent (i.e., school district) fails or is unable to perform.