Judith A. Comerford, John W. Austin, Gladys Lewis, Hattie Bowman, Representing the Interest of the Taxpayer's Association of Factoryville Borough as a Class, Plaintiffs, *v.* Factoryville Borough Council, Factoryville Sewer Authority and John R. Walter, Vernon Sheard, Marjorie Martin, Sylvia Watkins, as Individuals and as Members of the Factoryville Borough Council, and Earl Huff, Donald Watson, Frank Ellis and Harry Derr, Jr., as Individuals and as Members of the Factoryville Sewer Authority, Defendants.

262

Submitted on briefs, October 1, 1974, to President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Peter G. Loftus*, for plaintiffs.

*George E. Clark, Jr.* and *James E. O'Connell*, for defendants.

MEMORANDUM OPINION BY PRESIDENT JUDGE BOWMAN, November 22, 1974:

Pursuant to a Department of Environmental Resources (DER) order, dated June 1, 1971, and a subsequent mandamus action brought before this Court (No. 1075 C.D. 1972), Factoryville Borough (Borough) was ordered to submit to DER a feasibility study, an acceptable application, and final plans for a municipal

sewage plant and collection system. To comply with this order, the Borough, on January 4, 1974, contracted with an engineering firm for the preparation of the required materials. Thereafter, on March 12, 1974, the Taxpayer's Association of Factoryville Borough (Association) instituted an action in equity in the Court of Common Pleas of Wyoming County alleging various violations, by the Borough, of provisions of The Borough Code, Act of February 1, 1966, P. L. (1965) 1656, 53 P.S. §45101 et seq. These violations were alleged to have occurred during the course of performing the duties prescribed by DER. The Borough filed preliminary objections suggesting proper jurisdiction of the action lay in this Court, the jurisdictional objection being based on the allegation that DER was an indispensable party to the action. The preliminary objections were sustained and the matter was transferred to this Court. Having serious doubts as to the propriety of the transfer, we, by Order dated September 4, 1974, directed the parties to submit briefs for the purpose of considering the jurisdiction question.

As suggested above, this Court's jurisdiction, or lack thereof, depends upon whether or not DER is an indispensable party to the equity action brought by the Association. Clearly, jurisdiction lies in this Court if DER *must be* joined as a party defendant to this action. Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P. L. 673, *as amended,* 17 P.S. §211.401. It is equally clear that the common pleas court's transfer order was improper should it be determined that DER is not an indispensable party. *Ross et al. v. Keitt et al.,* 10 Pa. Commonwealth Ct. 375, 308 A. 2d 906 (1973).

The *Ross* case is determinative of the issue now before this Court. In *Ross,* in a factual context very similar to this controversy's, this Court held as follows: "[T]he Commonwealth of Pennsylvania—as a sovereign state—should not be declared to be an indispensable

party to an action or proceedings . . . unless such action cannot conceivably be concluded with meaningful relief without the sovereign state itself becoming directly involved." 10 Pa. Commonwealth Ct. at 381, 308 A. 2d at 909. It is apparent from the allegations of the Association's complaint in equity and its prayer for relief that any actions taken by a court in response thereto will be "meaningful . . . without the sovereign state itself becoming directly involved." The Association seeks to have the Borough's contract of January 4, 1974, declared invalid and to have an earlier contract, dated September 6, 1967, enforced as made, or, in the alternative, to order the Borough to enter into an entirely new contract in accordance with the procedural requirements of The Borough Code. In any event, the Court's response to these prayers, whether in the affirmative or the negative, will require no action on the part of DER. DER will not again be "directly involved" in this matter until the due date set by the original order, when the Borough either submits or fails to submit the requisite materials. Intervening events, in particular the cost incident to and the procedure followed in the preparation of these materials, should be of no moment to DER. *Ross* permits no other conclusion but that DER is not an indispensable party to this action. Therefore, jurisdiction does not lie in this Court, and the transfer order was improper under the law.

Accordingly, we enter the following

### ORDER

Now, November 22, 1974, for the reasons set forth above, it is hereby ordered that this matter be retransferred to the Court of Common Pleas of Wyoming County, and the Chief Clerk is directed to retransfer the record in this case to the Prothonotary of the Court of Common Pleas of Wyoming County together with a certified copy of the docket entries in this Court and of this opinion.