353 A.2d 841

**Thomas KEITT et al.**

v.

**William ROSS et al.**

v.

**The Honorable Milton SHAPP, Governor of the Commonwealth of Pennsylvania, et al., Appellants.**

Supreme Court of Pennsylvania.

Argued Jan. 13, 1976.

Decided March 17, 1976.

Burton D. Morris, Deputy Atty. Gen., for appellants.

Louis F. Hinman, III, Fort Washington, for appellees, elected members of city council and mayor, only.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

This lawsuit involves a class action in equity filed in the Court of Common Pleas of Philadelphia by parents and children of the City of Philadelphia against the Board of Education of Philadelphia to compel the board to perform its funding responsibility to the education system of Philadelphia. The City filed preliminary objections alleging that the Commonwealth of Pennsylvania was an indispensable party to the lawsuit, and its failure to be joined divested the Court of Common Pleas of jurisdiction. The preliminary objections were dismissed and an appeal was taken by the board to the Commonwealth Court. The Commonwealth Court affirmed the Court of Common Pleas, holding that the Commonwealth was not an indispensable party and, therefore, need not be joined. See *Ross v. Keitt*, 10 Pa. Cmwlth. 375, 308 A.2d 906 (1973). Thereafter the board filed a third party complaint in the Court of Common Pleas of Philadelphia against the Commonwealth.

The Commonwealth, as an additional defendant, filed preliminary objections alleging that since it was being sued, the proper forum is the Commonwealth Court.

Section 401(a)(1) of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, 17 P.S. § 211.401(a)(1) provides in part:

"(a) The Commonwealth Court shall have original jurisdiction of:

"(1) All civil actions or proceedings against the Commonwealth or any officer thereof, acting in his official capacity, except (i) actions or proceedings in the nature of applications for a writ of habeas corpus or postconviction relief not ancillary to proceedings within the appellate jurisdiction of the court, and (ii) proceedings under the Eminent Domain Code."

The Court of Common Pleas, accepting the argument of the Commonwealth, transferred the case to the Commonwealth Court. The Commonwealth Court, in an opinion and order by President Judge Bowman, held that since the Commonwealth was not an indispensable party under the Commonwealth Court's previous decision in the case, the Commonwealth was not a true "party" defendant within the meaning of § 401(a)(1); that the case should be heard in the Court of Common Pleas; and that the case should be transferred back to the Court of Common Pleas of Philadelphia. The Commonwealth then filed papers in this court entitled "Appeal from an Order of the Commonwealth Court".

█ In our opinion, the order of the Commonwealth Court does not entitle the Commonwealth to an appeal to this court as a matter of right. Section 211.203 of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, No. 223, art. II, § 203, 17 P.S. § 211.203, provides:

"The Supreme Court shall have exclusive jurisdiction of appeals from all final orders of the Common-

wealth Court entered in any matter which was *originally commenced in said court and which does not constitute an appeal from another court, an administrative agency or a justice of the peace.* Any final order of the Commonwealth Court entered in any appeal from a decision of the Board of Finance and Revenue shall be appealable to the Supreme Court, as of right, under this section." (Emphasis added.)

In interpreting the above section, this court, in *Pottsgrove Sch. Dist. v. Pa. Labor Rel. Bd.,* 451 Pa. 404, 304 A.2d 491 (1973), held that an order of the Commonwealth Court transferring back to a Court of Common Pleas a case that was originally transferred by the Court of Common Pleas to the Commonwealth Court was not appealable under § 211.203 of the Appellate Court Jurisdiction Act.

■ Since we are of the opinion that an appeal to this court does not lie under § 211.203, we then must treat this appeal as a petition for allowance of appeal under § 211.204 of the Appellate Court Jurisdiction Act, Act of July 31, 1970, P.L. 673, No. 223, art. II, § 204, 17 P.S. § 211.204, which provides in part:

"(b) If an appeal is improvidently taken to the Supreme Court under section 203 of this act in a case where the proper mode of review is by petition for allowance of appeal under this section, this alone shall not be a ground for dismissal, but the papers whereon the appeal was taken shall be regarded and acted on as a petition for allowance of appeal and as if duly filed at the time the appeal was taken."

■■ We have reviewed the appeal papers in the instant case and treated them as a petition for allowance of appeal from the order of the Commonwealth Court, entered January 30, 1975, and hereby grant the petition for allowance of appeal. Having granted the petition for al-

lowance of appeal, we have reviewed the order of the Commonwealth Court and find it to be correct.

Order of the Commonwealth Court is affirmed.

ROBERTS, J., filed a dissenting opinion in which NIX and MANDERINO, JJ., joined.

ROBERTS, Justice (dissenting).

Although I agree that this Court should hear this appeal, I cannot join the majority's decision affirming the order of the Commonwealth Court. The effect of that order is to vest the Court of Common Pleas of Philadelphia with jurisdiction to hear a suit against the Commonwealth. This is contrary to section 401 of the Appellate Court Jurisdiction Act which provides that:

"(a) The Commonwealth Court shall have original jurisdiction of:

(1) *All* civil actions or proceedings against the Commonwealth . . . ."

Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. IV, § 401(a), 17 P.S. § 211.401(a) (Supp.1975). Part (b) of this section makes this jurisdiction exclusive. Because this language allows no exception, the case should, in its entirety, be heard by the Commonwealth Court.

Therefore, I dissent.

NIX and MANDERINO, JJ., join in this dissenting opinion.