Betty McDonough, Plaintiff *v.* Commonwealth of Pennsylvania, Gulf Insurance Company and Reserve Insurance Company et al., Defendants.

Argued September 8, 1976, before President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Rogers and Blatt. Judge Kramer did not participate.

*Harry R. Nixon,* with him *Schneider, Nixon & John,* for plaintiff.

*John J. Walash, Jr.,* with him *Joseph G. Manta,* and *LaBrum & Doak,* for defendant, Gulf Insurance Co.

*F. Murray Bryan,* with him *Clyde W. McIntyre,* and *McNees, Wallace & Nurick,* for defendant, Reserve Insurance Company.

*Joseph W. McGuire,* Deputy Attorney General, with him *J. Justin Blewitt, Jr.,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for defendant, Commonwealth.

OPINION BY JUDGE WILKINSON, October 15, 1976:

Plaintiff filed a taxpayers' suit against the Commonwealth of Pennsylvania (Commonwealth) and two named insurance carriers. The complaint alleges that the Commonwealth has paid substantial sums to the defendant carriers to insure state employes against liability for injuries and damages caused by them in the course of their employment. Plaintiff argues that because Commonwealth employes are immune from liability for ordinary negligence the risk of liability insured against is nonexistent. Consequently, it is alleged that the defendant carriers are unjustly enriched by the receipt of premiums without consideration. An accounting of the premiums is sought together with the refund of the premiums to the Commonwealth. No relief is sought against the Commonwealth. Preliminary objections challenging the jurisdiction of this Court have been raised by the defendant insurance carriers.

The Court's jurisdiction in this case is dependent on the Commonwealth remaining a party to the action. Section 401 of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, *as amended,* 17 P.S. §211.401, has been interpreted as conferring exclusive original jurisdiction to the Commonwealth Court "where the Commonwealth is an original party defendant or is determined to be an indispensable party defendant." *Keitt v. Ross,* 17 Pa. Commonwealth Ct. 183, 189, 331 A.2d 582, 584 (1975). Since no relief is sought against the Commonwealth, this Court's jurisdiction depends upon whether or not the Commonwealth is an indispensable party to the plaintiff's equity action. *See Comerford v. Factoryville Borough Council,* 16 Pa. Commonwealth Ct. 261, 263, 328 A.2d 221, 222 (1974).

Whether the Commonwealth is an indispensable party to this action cannot be determined by "simply considering rules of civil procedure and decisional law as adopted and developed within traditional concepts of parties at law." *Ross v. Keitt,* 10 Pa. Commonwealth Ct. 375, 380, 308 A.2d 906, 908 (1973). Difficult constitutional issues enter into the determination, such as sovereign immunity. *See* Pa. Const. art. I, §11; *Brown v. Commonwealth,* 453 Pa. 566, 305 A.2d 868 (1973). This immunity has been extended to cases in equity. *Philadelphia Life Insurance Co. v. Commonwealth,* 410 Pa. 571, 190 A.2d 111 (1963).

Plaintiff argues that the Commonwealth is an indispensable party because the Commonwealth would be the beneficiary if the action is successful. President Judge Bowman discarded that position by stating:

"[T]he Commonwealth of Pennsylvania—as a sovereign state—should not be declared to be an indispensable party to an action or proceeding . . .unless such action cannot conceivably be concluded with

meaningful relief without the sovereign state itself becoming directly involved." *Ross v. Keitt,* 10 Pa. Commonwealth Ct. 375, 381, 308 A.2d 906, 909 (1973).

Meaningful relief can be granted in this case without the direct involvement of the Commonwealth, so the Commonwealth may not be joined as an indispensable party. Because the Commonwealth has been improperly joined, the preliminary objections of the defendant insurance carriers challenging the jurisdiction of the Court must be sustained and the matter transferred to a court of proper jurisdiction.

Accordingly, we will enter the following

ORDER

Now, October 15, 1976, the preliminary objections of the defendant insurance carriers challenging the jurisdiction of this Court are sustained. It is hereby ordered that the Commonwealth be stricken from the caption and the matter transferred to the Court of Common Pleas of Montgomery County 30 days from the date hereof or to such other County as the parties may agree to prior to that date. The Chief Clerk is directed to transfer the record in this case to the Prothonotary of the Court of Common Pleas of Montgomery County or to such other County agreed upon, together with a certified copy of the docket entries of this Court and of this Opinion.