John Scherbick and Elizabeth Scherbick, his wife, Plaintiffs *v.* Community College of Allegheny County, Original Defendant. Dick Corporation and State Public School Building Authority, Additional Defendants.

Argued October 26, 1976, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*George R. Specter,* with him *Arnold D. Wilner,* and *Baskin, Boreman, Wilner, Sachs, Gondelman & Craig,* for plaintiffs.

*John Edward Wall* and *David J. Greenberg,* with them *Dickie, McCamey & Chilcote,* for defendant.

*James R. Clippinger,* Assistant Counsel, for additional defendant, Authority.

OPINION BY PRESIDENT JUDGE BOWMAN, December 16, 1976:

John and Elizabeth Scherbick (plaintiffs) brought suit in the Court of Common Pleas of Allegheny County seeking damages and an injunction against the unlawful discharge of drainage water onto their land. The complaint originally named as defendant only the Community College of Allegheny County (College), and alleged that the College, on property acquired from plaintiffs and adjacent to plaintiffs' land, was engaged in construction resulting in damages and continuing trespasses. Dick Corporation, the contractor on the job, was joined as an additional defendant by the College. When it became known that the State Public School Building Authority (Authority) held legal title to the land and was the entity with whom Dick Corporation had contracted, the court below, sua sponte, ordered plaintiffs to join the Authority as an additional defendant. The court below then certified this action to this Court pursuant to Section 401(a)(1) of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, *as amended,* 17 P.S. §211.401(a)(1), which gives this Court exclusive origi-

nal jurisdiction over all civil proceedings against the Commonwealth.

The only issue before us at this time is whether the Authority is an indispensable party to the cause of action asserted, said posture being essential to this Court's exclusive original jurisdiction. We hold that the Authority is not an indispensable party and retransfer these proceedings to the Court of Common Pleas of Allegheny County.

In *Ross v. Keitt*, 10 Pa. Commonwealth Ct. 375, 381, 308 A.2d 906, 909 (1973), we held:

> [T]hat the Commonwealth of Pennsylvania—as a sovereign state—should not be declared to be an indispensable party to an action or proceedings . . . *unless such action cannot conceivably be concluded with meaningful relief without the sovereign state itself becoming directly involved.* (Emphasis added.)

*Accord, Township of Pleasant v. Erie Insurance Exchange*, 22 Pa. Commonwealth Ct. 307, 310-11, 348 A. 2d 477, 479 (1975); *Comerford v. Factoryville Borough Council*, 16 Pa. Commonwealth Ct. 261, 263-64, 328 A.2d 221, 222 (1974). Mere interest on the part of the Commonwealth in the outcome of the litigation will not suffice to make it an indispensable party. *Ross v. Keitt, supra*, 10 Pa. Commonwealth Ct. at 378, 308 A.2d at 907.

Plaintiffs contend that meaningful relief is, in fact, impossible without the participation of the Authority as the fee simple owner. We cannot agree and are of the view that the relief requested by plaintiffs is available against Dick Corporation without the Commonwealth's participation.

### ORDER

Now, December 16, 1976, for the reasons set forth above, the order of the court below compelling joinder

of the State Public School Building Authority is hereby vacated. It is further ordered that this matter be retransferred to the Court of Common Pleas of Allegheny County, and the Chief Clerk is directed to retransfer the record in this case to the Prothonotary of the Court of Common Pleas of Allegheny County together with a certified copy of the docket entries in this Court and of this opinion.