## Coalition for a Thorough and Efficient Educational System v. Marcase

*Hardy Williams,* for plaintiffs.
*Eugene F. Brazil,* for defendants.

TAKIFF, *J.,* June 10, 1977 — On May 31, 1977, plaintiffs, an unincorporated association of citizens including parents, students, teachers and employes of the School District of Philadelphia as well as three individual parents of school children, instituted this class action in equity against the Superintendent of Schools and the members of the Board of Education of the School District of Philadelphia. The complaint asserts three causes of action: First, that defendants, by virtue of certain deletions and eliminations from existing and proposed educational programs have failed to provide an operating budget for the fiscal year 1977-78 which provides a "through and efficient" education to school children of Philadelphia which is in violation of their obligations under article III, sec. 14, of the Pennsylvania Constitution; second, that defendants have failed to adopt an "accurate, honest and good faith budget," in violation of their obligations under the Philadelphia Home Rule Charter, Education Supplement, §12-303(a); and third, that the school district budget, if implemented, will violate plaintiffs' rights under the equal rights mandate of the Fourteenth Amendment of the United States Constitution.

Presently before the court are defendants' preliminary objections to the complaint asserting that the complaint is defective for failure to join the Commonwealth of Pennsylvania as an indispensable party, that plaintiffs have failed to allege a pecuniary loss and that this court is powerless to provide a remedy if indeed any constitutional violation is found to exist, since the only effective cor-

rective remedy would require additional funding for which the Board of Education does not possess the legal power.

## ISSUE

Although the broad issue of the quality of education which the adoption of the school district's budget will ensure is one fraught with great sympathy for the plight of all those — teachers, parents, and most importantly, school children — who may potentially be affected by the cutbacks in educational services, it is not one which we confront at the present juncture. Our sole inquiry is limited to the threshhold issues raised by defendants' preliminary objections; the power of the court in equity to grant the relief prayed for the complaint as now drawn. We conclude that plaintiffs' complaint must be dismissed for failure to join either the Commonwealth of Pennsylvania, or the Philadelphia City Council, or both, as necessary and indispensable parties to this action in accordance with Pa. R.C.P. 1017(b)(5).[1]

## DISCUSSION

Plaintiffs contend in memorandum and at oral argument that defendants, as members of the school board, are obligated to follow and fulfill the mandate of article III, sec. 14, of the Pennsylvania Constitution, and that the existence of this duty on the part of the board requires that we vacate and

_____

1. We note that the presence of the Commonwealth as an indispensable party in this action might require its transfer to the Commonwealth Court, pursuant to the Appellate Court Jurisdiction Act of July 31, 1970, P.L. 673, art. IV, sec. 401(1) and (2), 17 P.S. §211.401(a)(1) and (2).

enjoin the implementation of the budget because it would effect a violation of constitutional magnitude. Article III, sec. 14, of the Pennsylvania Constitution declares:

"The General Assembly shall provide for the maintenance and support of a thorough and efficient system of public education to serve the needs of the Commonwealth."

In our view, we cannot accept plaintiffs' basic premise that it is on the shoulders of the school district alone that this constitutional obligation lies and, hence, it alone is amenable to the process of this court if a violation of either the State or Federal Constitution is found. We believe, as has been explicitly stated, that the underlying responsibility for providing the establishment and maintenance of a "thorough and efficient system of public education" is on the General Assembly, and not on this or any other school district: Ross, et al. v. Keitt, et al., 10 Pa. Commonwealth Ct. 375, 308 A.2d 906 (1973); see concurring opinion of Kramer, J., in Ross, et al. v. Keitt, et al., supra. An analysis of the derivative nature of the school board's power is consistent with our view that the legislature is the ultimate obligor of article III, sec. 14.

Case law in this Commonwealth defines the school body as a creature or agency of the State legislature to administer *its* constitutional duty to maintain a thorough and efficient system of public education: Slippery Rock Area Jt. Sch. Sys. v. Franklin Twp. Sch. Dist., 389 Pa. 435, 133 A.2d 848 (1957) (emphasis supplied). Further, as an agency, the board, like any agency so constituted, has only the powers granted by statute, specifically or by necessary implication, and that it, therefore, may discharge its duties solely within

the constraints of the limited powers vested in it: Barth v. School District of Phila., 393 Pa. 557, 143 A.2d 909 (1958).

Where the legislature delegates certain of its powers to an agency like the school board, a court is substantially restricted as to the manner and extent to which it may interfere with that agency in the performance of its duties. Injunctive interference with the actions of a school board will lie only where the party challenging the acts demonstrates fraud, official misconduct or the arbitrary and capricious abuse of power or discretion: Allen v. Uniontown Area School District, 4 Pa. Commonwealth Ct. 183, 285 A.2d 196 (1971); Kennedy v. Ringgold School District, 10 Pa. Commonwealth Ct. 191, 309 A.2d 269 (1973). Further, whatever relief may be equitable suggested, it cannot be constructed upon a disregard of statutorily mandated affirmative duties, including the duty to adopt a balanced budget predicated on reasonably calculated estimates of income and disbursements.

According to the Public School Code of March 10, 1949, P.L. 30, 24 P.S. §6-664, the school board is mandated to adopt a budget, which, in the language of the legislative enactment, must be a balanced budget: "The total amount of such estimate shall not exceed the amount of funds, including the proposed annual tax levy and State appropriation, available for school purposes in the district." (The Philadelphia Home Rule Charter, 351 Pa. Code §12.12-303(a), essentially reiterates this language.)

To seek, as plaintiffs do, a vacation of the proposed budget on the grounds that the school district failed to include in its budget revenues which were not "available for school purposes in the dis-

trict," we believe is a solicitation to the court to direct the school board to do an illegal act. Without the joinder of either or both, the Commonwealth of Pennsylvania or the Mayor and Council of the City of Philadelphia, who alone possess the power and authority of appropriating funds or levying taxes to provide the funds with which to restore the alleged educational deficiency, would be an exercise in futility. While it may be argued that the constitutional right guaranteed by Article III supersedes a legislative act of lower status such as the Public School Code of 1949, or the Philadelphia Home Rule Charter, we are, nevertheless, convinced that any injunction against the school district alone would be judicial folly, as it would ultimately require a closing of the schools, which may not operate in the absence of a budget, or the rewriting of a budget by the court in an effort to rearrange educational priorities within the parameters of the existing available funds, thus constituting the court a super school board.

Assuming, arguendo, the validity of plaintiffs' assertion that the funds presently available for, and allocated to, the School District of Philadelphia cannot insure a constitutionally adequate education for the children of the district, we are confronted with the realization, crucial to our instant adjudication, that, first, the party to whom the constitutional obligation runs, namely the Commonwealth, is not before us; and, second, that the school board cannot itself provide a real solution to any educational limitation rooted in inadequacy of income because of its absolute dependance upon these other bodies for its funding capability. Without joinder of either of the parties responsible for funding of the schools, a grant of

the injunction would violate the principle that equity may not order performance of a vain act. The only remedy which the school district could implement, assuming the budget is, as alleged, insufficient to provide a constitutionally valid educational program would be to falsely inflate the budget to reflect future funds not available or authorized, including the potential moneys from bills in embryonic stages in the General Assembly.[2]

We have concluded that either the General Assembly or the city council, or both, are necessary parties to this action. Clearly, the taxing power of the Commonwealth is vested absolutely in the General Assembly: Clouser v. City of Reading, 270 Pa. 92, 113 Atl. 188 (1921). The legislature may, by direct appropriation, disburse revenues to the school districts. It may further authorize other bodies to impose taxes for certain purposes such as the support of the school districts. Under the Act of August 9, 1963, P.L. 640, sec. 1, as amended, 53 P.S. §16101, the City Council of Philadelphia, as

---

2. While the Philadelphia Home Rule Charter, §12.12-303(a), directs the annual adoption of a budget calculated on "estimated receipts of the Board during the next fiscal year, including approximate estimates of proposed revenues and all other receipts," these must, of necessity, be projections founded on reason and experience and not upon an ethereal and speculative appropriation bill which is subject to legislative vagaries common to the tortured history of any proposed legislation. To attempt to translate the possibility of additional funding suggested by a pending bill into the reasonable certainty which the Home Rule Charter mandates in providing that, "[t]he total amount of proposed expenditures shall not exceed the amount of funds *available* for School District purposes," would be fiscally irresponsible, intellectually dishonest and contrary to the explicit direction of the Home Rule Charter. (Emphasis supplied.)

the legislative body, may "by ordinance, authorize the board of public education of such school district to impose taxes for the purposes of such school district on any persons, transactions, occupations, privileges, subjects and real and personal property, which may now or hereafter be taxable by such city for general revenue purposes . . . ."

The Philadelphia City Council possesses the power, directly or indirectly, through further authorization to the school district, to provide, alternatively or jointly with the State Assembly, the funds which are the sine qua non to the replacement of the alleged educational shortcomming in programs and personnel. Either the failure of the city council or of the General Assembly to provide or authorize additional funds may prove to be violative of the Constitution; however, the fact that the legislature and the city council, and not the school board alone, possess the power of increasing the Philadelphia School District's funds convinces us that either or both of these entities are indispensable parties to a suit of this nature: Gardner v. Allegheny County, 382 Pa. 88, 114 A.2d 491 (1955).

We recognize that the mere existence of the constitutional mandate of article III does not impose a per se requirement for the joinder of the Commonwealth in every action against a school board, just as we are aware of the broad managerial and discretionary power possessed by the school board to operate the public schools and determine policy therefor: State College Education Assn. v. Pa. Labor Relations Board, 9 Pa. Commonwealth Ct. 229, 306 A.2d 404 (1973).

Plaintiffs cite Keitt et al. v. Ross et al. (C.C.P. Philadelphia, September term, 1972, no. 2849), af-

firmed, 10 Pa. Commonwealth Ct. 375, 308 A.2d 906 (1973), in support of their argument that the Commonwealth is not an indispensable party to the present litigation. Keitt, however, is clearly distinguishable and, indeed, on its facts, supports the contention of the school board that the creation of a budget inflated on the receipt side by expectation and hope, would be an illegal budget. In Keitt, several school students, their parents and guardians and several citizens groups sued the Board of Education of the School District of Philadelphia, the superintendent of schools, city council and the mayor, alleging that due to the adoption of a *deficit* budget, the school district would be unable to provide the minimum number of days of education required by the School Code.

As in the present case, defendants in Keitt filed preliminary objections arguing, inter alia, that the Commonwealth was an indispensable party. The lower court disagreed, holding, in essence, that it possessed the power to effect a full and complete remedy with the parties then before the court through mandate to city council to take the necessary steps to fund the operation of the schools for a full school year and to the school board to appropriately balance its budget.

It is evident that the instant litigation presents a fundamentally different situation. The budget presently under attack is balanced as between income and expense. But for additional possible income which may be generated by sources other than the school board, the income reflected encompasses all available revenues. The only defendant presently before the court is the school board and any decree which might be warranted under the law and the evidence mandating the restoration of

educational programs without the essential funding capability would be meaningless. The missing link is the joinder of the General Assembly and/or city council, against whom a decree to provide constitutionally sufficient funding for education may be directed.

Wherefore, we have entered the following

## ORDER

And now, June 9, 1977, the preliminary objections of defendants are sustained and plaintiffs' complaint is hereby dismissed.