387 A.2d 1301

John SCHERBICK and Elizabeth Scherbick, his
wife, Appellants,

v.

COMMUNITY COLLEGE OF ALLEGHENY COUNTY

v.

DICK CORPORATION and State Public School
Building Authority.

Supreme Court of Pennsylvania.

Submitted March 7, 1978.

Decided June 5, 1978.

George R. Specter, Baskin, Boreman, Wilner, Sachs, Gondelman & Craig, Pittsburgh, for appellants.

John Edward Wall, Dickie, McCamey & Chilcote, David J. Greenberg, Pittsburgh, for Community College of Allegheny County.

Richard L. Kearns, Harrisburg, for State Public School Building Authority.

James A. Beinkemper, Frank J. Kernan, Plowman & Spiegel, Pittsburgh, for Dick Corp.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

In March of 1969, appellants, John and Elizabeth Scherbick, conveyed a portion of their property in West Mifflin Borough to Allegheny County for the construction of a

campus for the Community College of Allegheny County (CCAC). Sometime after the conveyance, construction was started on the site with Dick Corporation (Dick) as general contractor. In 1973, a suit in equity was filed by appellants naming Allegheny County as a defendant. Appellants alleged that because of the construction, their property, which was adjacent to the conveyed property, was being damaged by a continuing trespass in the form of water drainage.

After filing the suit, appellants discovered that the County had conveyed the land to CCAC. After discontinuing their suit against the County, appellants filed a similar suit naming CCAC as defendant. CCAC then joined Dick as an additional defendant. Dick in its answer stated that it was acting pursuant to plans and directions of CCAC and the State Public School Building Authority (the authority).

Subsequently, it was discovered that the authority was the record owner of the fee simple in the land. The court below ordered appellants to join the authority as another additional defendant. After the joinder, the Court of Common Pleas of Allegheny County certified the matter to Commonwealth Court. The basis of the Common Pleas Court's action was § 401 of the Appellate Court Jurisdiction Act, Act of July 31, 1970, P.L. 673, No. 223, art. IV, § 401(a)(1), 17 P.S. § 211.401(a)(1) (Supp.1977–78):

"(a) The Commonwealth Court shall have original jurisdiction of:

"(1) All civil actions or proceedings against the Commonwealth or any officer thereof, acting in his official capacity, except (i) actions or proceedings in the nature of applications for a writ of habeas corpus or post-conviction relief not ancillary to proceedings within the appellate jurisdiction of the court, and (ii) proceedings under the Eminent Domain Code."

Section 102(a)(2) of the Appellate Court Jurisdiction Act defines the term "Commonwealth," for the purpose of the act, as:

" 'Commonwealth' includes departments, departmental administrative boards and commissions, officers, independent boards or commissions, *authorities* and other agencies of this Commonwealth, but shall not include any political subdivision, municipal or other local authority, or any officer or agency of any such political subdivision, municipal or local authority." (Emphasis added.)

After the certification to Commonwealth Court, that court decided that it did not have jurisdiction over the matter because of its rule announced in *Ross v. Keitt*, 10 Pa. Cmwlth. 375, 308 A.2d 906 (1973), affirmed 466 Pa. 576, 353 A.2d 841 (1976). Applying *Ross*, the Commonwealth Court determined that the authority was not an indispensable party to this suit and, therefore, ordered the suit transferred back to the Court of Common Pleas of Allegheny County. Appellants then filed a direct appeal to this court.[1]

Appellants argue that the Commonwealth Court erred in holding that the authority was not an indispensable party to this suit. We agree. The Commonwealth Court, in *Ross v. Keitt, supra*, 10 Pa.Cmwlth. at 381, 308 A.2d at 909, stated:

". . . the Commonwealth of Pennsylvania—as a sovereign state—should not be declared to be an indispensable party to an action or proceedings, including the one below, *unless such action cannot conceivably be concluded with meaningful relief without the sovereign state itself becoming directly involved.*" (Emphasis added.)

Based on this holding, the Commonwealth Court held that the authority was not an indispensable party. While we agree that the Commonwealth need not be joined where

1. "The Supreme Court shall have exclusive jurisdiction of appeals from all final orders of the Commonwealth Court entered in any matter which was originally commenced in said court and which does not constitute an appeal from another court, an administrative agency or a justice of the peace. Any final order of the Commonwealth Court entered in any appeal from a decision of the Board of Finance and Revenue shall be appealable to the Supreme Court, as of right, under this section." July 31, 1970, P.L. 673, No. 223, art. II, § 203, 17 P.S. § 211.203 (Supp.1977–78).

only tangentially involved, *Ross v. Keitt, supra; Comerford v. Factoryville Boro. Council*, 16 Pa.Cmwlth. 261, 328 A.2d 221 (1974), we do not believe this rule is applicable where the Commonwealth is the owner of the land which is involved in a law suit.

■ In *Columbia Gas, Etc. v. Diamond Fuel Co.*, 464 Pa. 377, 346 A.2d 788 (1975), the trial court ordered two parties to cease the dumping of fill material in a right-of-way easement held by Columbia Gas. The record owner in fee of the servient tenement, however, was never joined in the lawsuit. This court stated:

> "Based on these facts, the decree in the instant case must be vacated for lack of an indispensable party, William M. Fiore, the fee owner. In Pennsylvania, *an indispensable party is one whose rights are so directly connected with and affected by litigation that he must be a party of record to protect such rights, and his absence renders any order or decree of court null and void for want of jurisdiction.* See *Pocono Pines Corp. v. Pa. Game Com., Com. of Pa.*, 464 Pa. 17, 345 A.2d 709 (1975). See also *Tigue v. Basalyga*, 451 Pa. 436, 304 A.2d 119 (1973).

> "In the instant case *there can be no question that the fee simple owner of the servient tenement is an indispensable party. The right to the use and enjoyment of his property will be adversely affected by any litigation involving the easement and, therefore, he must be joined.* The failure to do so deprives the court of jurisdiction." Id. 464 Pa. at 379, 346 A.2d at 789. (Emphasis added.)

We hold that the record owner of a fee simple in land which is the subject of a legal proceeding is a party "whose rights are so directly connected with and affected by litigation that he must be a party of record to protect such rights." *Columbia Gas, supra.*

In this case, appellants are seeking equitable relief which would, if granted, adversely affect appellees' interest in the land.

Decree of Commonwealth Court is vacated and case remanded to Commonwealth Court for proceedings consistent with this opinion. Each party to bear own costs.