Northbrook Insurance Company, Petitioner v. Sanders & Thomas, Inc. et al., Respondents. Tidewater Insurance Associates, Inc. et al., Additional Respondents.

Argued November 14, 1979, before Judges BLATT, CRAIG and MACPHAIL, sitting as a panel of three.

*Michael D. Gallagher*, with him, *Michael D. Green, Eileen S. McAneny, Carl A. Solano*, and *Charles C. Hileman*, of *Schnader, Harrison, Segal & Lewis*, for petitioner.

*Richard L. Kremnick*, with him, *Leo E. Gribbin, Jr., Roger F. Cox, Stuart J. Moskovitz*, and *Robert W. Cunliffe*, for respondents.

*Richard L. Kearns*, with him, *Michael Saltzburg, Daniel K. Deardorff, William F. Martson*, P.C., *Christian S. Erb, Jr.*, and *Albert L. Bricklin*, for additional respondents.

Opinion by Judge MacPhail, February 21, 1980:

On or about March 1, 1967, the Pennsylvania Department of Transportation (PennDOT) and the City of Bethlehem entered into a contract with Bethlehem Steel Corporation to design and plan the reconstruction and improvement of the "New Street Bridge" and its approaches. Upon the fulfillment of that contract, PennDOT solicited bids and awarded contracts based upon the design plans submitted to it. Shortly after part of the bridge was opened to traffic, a buckling was discovered in the web of one of the slant-leg supports of the bridge. PennDOT called upon another firm to redesign the structure and then on January 30, 1975 sued Bethlehem Steel Corporation and Sanders & Thomas, Inc. (Sanders) in assumpsit and in trespass. The action was filed pursuant to this Court's original jurisdiction and is docketed at number 132 C.D. 1975.

Sanders, an engineering consulting firm, was employed by Bethlehem Steel Corporation to prepare the design, plans, drawings and specifications for New Street Bridge. Sanders maintains that it car-

ried professional liability insurance at all material times. Prior to 1969, Sanders avers that it was insured by Travelers Insurance Company (Travelers). Between October 1, 1969 and September 30, 1974, Sanders claims it was insured with Continental Casualty Company (Continental) and from October 1, 1974 on, until the suit was filed by PennDOT, Sanders maintains that its insurance was carried by Northbrook Insurance Company (Northbrook). When Sanders was served with the suit papers by PennDOT, it immediately gave notice of potential liability to Northbrook and Continental.

On September 1, 1978, Northbrook instituted the present proceedings in the nature of a Petition for Declaratory Judgment, again in our original jurisdiction. Sanders, Continental and PennDOT were named as respondents. The petition asks us to construe the policies of Northbrook and Continental and to hold that Northbrook's policy does not cover the claim against Sanders, but that Continental's policy does cover that claim.

PennDOT has "answered" the petition by saying that it "has no interest in which insurance company represents Sanders & Thomas, Inc." and that no answer would be filed to the petition.

Sanders has filed an answer with new matter to Northbrook's petition and has also filed a third party complaint pursuant to the provisions of Pa. R.C.P. No. 2252 naming five defendants including Travelers, J. R. Sotter Agency, Inc. (Sotter), Victor O. Schinnerer & Co., Inc. (Schinnerer), Shand, Morahan & Company, Inc. (Shand) and Tidewater Insurance Associates, Inc. (Tidewater). The complaint alleges that Travelers was Sanders' insurance carrier prior to October 1, 1969 and that the other defendants served as agents for the procurement of insurance for Sanders at various times and that they breached their

duties to Sanders which arose by virtue of that relationship.

Tidewater answered Sanders' third party complaint and included cross-claims against Continental, Shand, Northbrook and the other defendants named in Sanders' complaint. Sotter answered Sanders' complaint and included new matter averring, *inter alia,* that if Sotter was found liable to Sanders, then Schinnerer was liable to Sotter. Travelers answered Sanders' complaint and included new matter setting forth affirmative defenses to Sanders' claim.

Northbrook, Shand, Schinnerer and Travelers have all filed preliminary objections which are now before us for disposition. Inasmuch as the preliminary objections of Schinnerer and Travelers are dispositive of the case, we will discuss those objections and no others.

Both Schinnerer and Travelers have filed motions raising the question of subject matter jurisdiction. Both contend that PennDOT was joined by Northbrook solely for the purpose of giving this Court jurisdiction over its Petition for Declaratory Judgment. They maintain that PennDOT is not an indispensable party. They note that PennDOT's response to Northbrook's Petition for Declaratory Judgment states simply that it "has no interest in which insurance company represents Sanders & Thomas, Inc." As we have noted, PennDOT has filed no answer and interestingly, neither has it filed preliminary objections.

Schinnerer cites *Ross v. Keitt,* 10 Pa. Commonwealth Ct. 375, 308 A.2d 906 (1973), in support of its contention that PennDOT really has no interest in the declaratory judgment proceeding and, therefore, its joinder cannot give this Court jurisdiction over the subject matter. In the *Ross* case, President Judge BOWMAN held:

[t]he Commonwealth of Pennsylvania—as a sovereign state—should not be declared to be an indispensable party to an action or proceedings, . . . unless such action cannot conceivably be concluded with meaningful relief without the sovereign state itself becoming directly involved.

*Ross v. Keitt* at 387, 308 A.2d at 909.

Also in that opinion, President Judge BOWMAN, quoting from the opinion of the trial court wrote that since " 'A final decree would not require any action on the part of the Commonwealth,' " *Ross v. Keitt* at 379, 308 A.2d at 908, the Commonwealth was not an indispensable party.

We think both quotations apply to the case now before us. Nothing this Court (or any other) may do with the declaratory judgment proceedings will in any way involve PennDOT. Meaningful relief in those proceedings can be granted without PennDOT's direct involvement. A judgment determining which insurance carrier is responsible would not require any action on the part of PennDOT *in this case.*

We note, of course, that Travelers and Schinnerer may lack standing to raise this objection which should more appropriately have been raised by Penn-DOT. However, we have held on many occasions that the issue of subject matter jurisdiction may be raised by this Court *sua sponte* and that, by submitting to our jurisdiction, PennDOT does not thereby confer subject matter jurisdiction upon us. *Gordon v. Pulakos,* 48 Pa. Commonwealth Ct.; 442, 444-5 n. 4, A.2d , n. 4 (No. 21 T.D. 1979, filed January 11, 1980).

We are not unmindful of PennDOT's pending suit against Sanders, et al. in our Court. However, even that circumstance will not confer subject matter jurisdiction in the instant suit. While we freely admit

394

that having both suits in the same jurisdiction would have much to commend it, our law is to the contrary.

We conclude that because PennDOT is not a proper party in Northbrook's suit, we lack jurisdiction to hear the case.

Accordingly, the attached order will be entered.[1]

ORDER

AND Now, this 21st day of February, 1980, this Court being without jurisdiction over the subject matter, it is ordered that the within case be transferred to the Court of Common Pleas of Montgomery County, Pennsylvania.

This decision was reached prior to the death of President Judge BOWMAN.

Judge DISALLE did not participate in the decision in this case.

---

[1] We note that the principal place of business of Sanders is alleged to be Pottstown, Pennsylvania, a municipality in Montgomery County. Therefore, under Section 5103 of the Judicial Code, 42 Pa. C.S. §5103, we will transfer this case to that jurisdiction, to be in accordance with the provisions of Section 931 of the Judicial Code, 42 Pa. C.S. §931.