521 A.2d 71

E-Z Parks, Inc., Appellant *v.* Philadelphia Parking Authority, Appellee.

Argued December 8, 1986, before Judges DOYLE and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Bruce L. Thall,* with him, *Gilbert B. Abramson* and *Michael B. Tolcott, Abramson, Cogan, Kogan, Freedman & Thall, P.C.,* for appellant.

*S. David Fineman, Hunt & Fineman, P.C.;* Of Counsel: *James C. Crumlish, III,* for appellee.

OPINION BY JUDGE DOYLE, February 12, 1987:

E-Z Parks, Inc. (E-Z Parks) appeals from an order of the Court of Common Pleas of Philadelphia County dismissing its action against the Philadelphia Parking Authority (Authority) for failure to join an indispensable party to the action, *viz.,* the Pennsylvania Department of Transportation (Department). We affirm.

This case concerns the same piece of property involved in our decision in *E-Z Parks, Inc. v. Larson,* 91 Pa. Commonwealth Ct. 600, 498 A.2d 1364 (1985), *aff'd per curiam,* 509 Pa. 496, 503 A.2d 931 (1986) *(E-Z Parks I).* The property at the center of the storm in this case is currently used as a parking lot and is located on the south side of Vine Street, between 15th and 16th Streets, in the City of Philadelphia. The property in question consists of 69 separate parcels. On August 31, 1972, the Department condemned an easement to all the parcels for the purpose of constructing a limited-access highway on Vine Street. By 1983, the Department owned 14 of the parcels in fee simple and retained its easement for transportation purposes over the rest. On May 27, 1983, the Department leased the property to E-Z Parks for a five-year term, subject to termination by the Department in the event that the property was required "for construction of the highway or related transportation purposes."

While the lease with E-Z Parks was yet extant, the Department entered into a joint use agreement with the Authority on January 17, 1984, under which the Authority would lease the property for 99 years and construct a parking garage on the site. Under the terms of this agreement, the Department agreed to acquire fee simple title to the remaining parcels constituting the property, and filed a declaration of taking for that purpose on July 23, 1984. On November 21, 1984, the Department notified E-Z Parks that its lease was being

terminated immediately "for the construction of the Vine Street Expressway."

Subsequently, E-Z Parks filed a four-count complaint in this Court's original jurisdiction. *E-Z Parks I.*[1] The first count was based upon Section 2003(e) of the Administrative Code of 1929[2] (pertaining to the Department's authority, or lack of authority, to buy land). The second and third counts were directed solely against the Department for breach of the lease, and the fourth count sought damages from, and injunctive relief against, the Authority for tortious interference with E-Z Parks' lease with the Department.

Ruling upon preliminary objections filed by the Department and the Authority, this Court sustained the objections as to the first count, finding that E-Z Parks failed to state a cause of action upon which relief could be granted. The Court also sustained objections as to counts two and three, finding that these claims were within the jurisdiction of the Board of Claims. As to the fourth count, the Court dismissed E-Z Parks' claim for damages against the Authority, but ruled that E-Z Parks' claim for injunctive relief could proceed. Since the Authority was a local agency, this Court lacked jurisdiction to hear the matter, however, and ordered this part of the case transferred to the Court of Common Pleas of Philadelphia County for further proceedings. *Id.* at 610, 498 A.2d at 1370. This Court's decision was appealed and the Pennsylvania Supreme Court affirmed our order *per curiam. E-Z Parks I,* 509 Pa. 496, 503 A.2d 931 (1986).

---

[1] E-Z Parks' four causes of action in that proceeding were found in Counts V through VIII of their petition. For purposes of this opinion, they shall be referred to as counts one through four. *See E-Z Parks, Inc. v. Larson,* 91 Pa. Commonwealth Ct. 600, 603 n.3, 498 A.2d 1364, 1367 n.3 (1985).

[2] Act of April 9, 1929, P.L. 177, *as amended,* 71 P.S. §513.

On May 30, 1986, E-Z Parks filed the present suit in the Court of Common Pleas of Philadelphia County seeking to have the contract between the Department and the Authority declared void on the ground the Authority had exceeded its power in entering into the contract. The Authority filed several preliminary objections to the complaint, one of which was in the nature of a motion to dismiss for failure to join the Department as an indispensable party to the action.[3] The trial court, without passing upon the other preliminary objections, dismissed the complaint without prejudice to re-file on this ground. This appeal followed.

The sole issue before us in the instant case is whether the Department is an indispensable party to this action.

The general rule is that "[a] party [in an equity action] is indispensable when he has such an interest that a final decree cannot be made without affecting it, or leaving the controversy in such a condition that a final determination may be wholly inconsistent with equity and good conscience. That is to say his presence as a party is indispensable where his rights are so connected with the claims of the litigants that no decree can be made between them without impairing such rights." *Hartley v. Langkamp*, 243 Pa. 550, 555-56, 90 A. 402, 403-04 (1914) (quoting 16 Cyc. 189). And the failure to join an indispensable party deprives the court of jurisdiction. *Powell v. Shepard*, 381 Pa. 405, 113 A.2d 261 (1955). *See also Reifsnyder v. Pittsburgh Outdoor Advertising Co.*, 396 Pa. 320, 152 A.2d 894 (1959). In determining whether a party is indispensable to the ac-

---

[3] The Authority also filed preliminary objections asserting that the action should be dismissed on the ground that E-Z Parks already had an action pending asserting the same cause of action against the Authority and that E-Z Parks' complaint failed to state a cause of action upon which relief could be granted.

tion, we are guided by the following criteria enunciated by our Supreme Court in *Mechanicsburg Area School District v. Kline,* 494 Pa. 476, 431 A.2d 953 (1981):

    1. Do absent parties have a right or interest related to the claim?

    2. If so, what is the nature of the right or interest?

    3. Is that right or interest essential to the merits of the issue?

    4. Can justice be afforded without violating due process rights of absent parties?

*Id.* at 481, 431 A.2d at 956.

Here the Department possesses a contractual right. This right is directly related to the claim of E-Z Parks, because E-Z Parks seeks to invalidate the contract between the Department and the Authority. In addition, the Department's right to continued performance of the contract is essential to the merits of the case. Moreover, the Department's interest is distinct from that of the Authority because the Department has agreed pursuant to the contract to relocate utilities along Vine Street, acquire all parcels in fee simple, and coordinate the construction of the expressway with that of the garage, among other things. Therefore, we find E-Z Parks' argument that the Department's rights will not be impaired meritless.

Of equal importance in considering whether the Department is an indispensable party is the fact that, as fee simple owner of the 69 parcels required for construction of the garage, the Department's right to the use and enjoyment of the property would be adversely affected by the litigation. *Columbia Gas Transmission Corp. v. Diamond Fuel Co.,* 464 Pa. 377, 346 A.2d 788 (1975). In *Columbia Gas,* our Supreme Court reversed the trial court's decision ordering two parties to cease the dumping of fill material in a right-of-way easement held by Columbia Gas. The Court held that the fee

owner of the servient tenement was an indispensable party to the litigation because his right to use the property would be affected by the litigation and that Columbia Gas' failure to join the fee owner had deprived the trial court of jurisdiction to enter the decree. *Id.* at 379, 346 A.2d at 789. *See also Scherbick v. Community College of Allegheny County,* 479 Pa. 216, 387 A.2d 1301 (1978). Should E-Z Parks be granted the relief it seeks, the Department's right to use the subject properties for the construction of the parking garage, and its ability to make changes attendant thereto, would be impaired.

E-Z Parks also argues here that our decision in *Ross v. Keitt,* 10 Pa. Commonwealth Ct. 375, 308 A.2d 906 (1973), *aff'd,* 466 Pa. 576, 353 A.2d 841 (1976), establishes a different standard for determining whether the Commonwealth is an indispensable party than that announced in *Mechanicsburg.* They rely on language in *Ross* where we wrote:

> The Commonwealth of Pennsylvania—as a sovereign state—should not be declared to be an indispensable party to an action or proceedings . . . unless such action cannot conceivably be concluded with meaningful relief without the sovereign state itself becoming directly involved.

*Id.* at 381, 308 A.2d at 909. While E-Z Parks argues that this standard is necessary because of the complexities governing litigation with the Commonwealth, it misapprehends the applicability of *Ross* to this case. First, this rule is not applicable when, as here, the Commonwealth is the owner of the land involved in a lawsuit in which its rights could be affected. *Scherbick.* Secondly, *Ross* and *Mechanicsburg* are not irreconcilable as E-Z Parks contends. The principle of *Ross,* as stated by our Supreme Court, is that the Commonwealth need not be joined as an indispensable party

where its interests or rights are only tangentially involved in the litigation. *Scherbick.* In other words, the Commonwealth is not an indispensable party to an action when its rights or interests are not directly adversely affected by the litigation. All the Supreme Court's decision in *Mechanicsburg* does is set forth the criteria by which we can determine the nature of the Commonwealth's right or interest and whether it is essential to the litigation. Therefore, we find that *Ross* does not set forth a standard which is different from that used by the Supreme Court in *Mechanicsburg.*

E-Z Parks also asserts that the Authority is collaterally estopped from raising the issue of whether the Department is an indispensable party to the litigation. In support of this argument, E-Z Parks cites language in our prior opinion in *E-Z Parks I,* where we said:

> Since count four is the only count still remaining before this Court, and is directed exclusively against the Authority, a local agency, this Court lacks original jurisdiction to hear the merits of the claim. *See* Section 761 of the Judicial Code, 42 Pa. C. S. §761. Therefore, count four shall be transferred to the Court of Common Pleas of Philadelphia County.

*Id.* at 610, 498 A.2d at 1370. E-Z Parks concludes that this language means that this Court necessarily determined that the Department was not an indispensable party to the action and argues that this language, coupled with the fact that the Authority raised this issue in its brief in the Pennsylvania Supreme Court in *E-Z Parks I,* collaterally estops the Authority from raising the issue now. We reject this argument.

In order for a plea of collateral estoppel to be valid, the party asserting the estoppel must show: (1) the issue decided in the prior adjudication was identical with the one presented in the later action; (2) there was a final

judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party to the prior adjudication; and (4) the party against whom it is asserted has had a full and fair opportunity to litigate the issue in question in a prior action. *Safeguard Mutual Insurance Co. v. Williams,* 463 Pa. 567, 574, 345 A.2d 664, 668 (1975). E-Z Parks has failed to show that the indispensable party issue was decided by *this* Court in the prior proceeding. Indeed, the issue was never raised before this Court nor did we rule upon it.[4] And although the issue was raised *in the Supreme Court,* the Supreme Court merely affirmed the *order* of this Court and there is not even the slightest indicia that the particular rationale was the basis for its determination. Therefore, the trial court did not err in rejecting this argument.

Lastly, we address E-Z Parks' repeated assertion that compelling it to join the Department as a defendant would deprive it of any legal recourse against the Authority and the Department because these parties would be cloaked with sovereign immunity. Even assuming *arguendo* that the scenario painted by E-Z Parks is true, we would still have to uphold the trial court's order. The inquiry into whether a party is indispensable to the action is viewed from the perspective of protecting the rights of absent parties, *Columbia Gas,* not from the perspective of whether the joinder of a party to an action would make the matter more difficult to litigate. Since we have found the Department's rights to be connected to and affected by the litigation, we find the trial court properly dismissed E-Z Parks' action for failure to join an indispensable party.

---

[4] The language upon which E-Z Parks relies in asserting that we previously decided the issue, that is, that the litigation was directed exclusively against the Authority, does not in any manner imply that the status of the *Department* was ever considered.

Accordingly, the order of the Court of Common Pleas of Philadelphia County is hereby affirmed.

ORDER

Now, February 12, 1987, the order of the Court of Common Pleas of Philadelphia County, No. 5185, May Term 1986, dated September 10, 1986, is hereby affirmed.

President Judge CRUMLISH, JR. did not participate in the decision in this case.