50 A.3d 1263

The PENNSYLVANIA STATE EDUCATION ASSOCIATION, by Lynne WILSON, General Counsel, William McGill, F. Darlene Albaugh, Heather Kolanich, Wayne Davenport, Frederick Smith, Jamie McPoyle, Brianna Miller, Valerie Brown, Janet Layton, Korri Brown, Al Reitz, Lisa Lang, Brad Group, and Randall Sovisky, Appellants

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF COMMUNITY AND ECONOMIC DEVELOPMENT, Office of Open Records, and Terry Mutchler, Executive Director of the Office of Open Records, Appellees

Pennsylvania Association of School Retirees, Ureneus V. Kirkwood, John B. Nye, Stephen M. Vak, and Richard Rowland and Simon Campbell, Intervenors.

Supreme Court of Pennsylvania.

Argued April 10, 2012.

Decided Aug. 21, 2012.

Andrea L. Bowman, Governor's Office of General Counsel. Joshua Keesler Harman, for Amicus Curiae, Office of General Counsel.

Emily Hannah Bensinger, Amy Clement Foerster, William W. Warren, Jr., Saul Ewing LLP, Harrisburg, for PA Association of School Retirees, Ureneus V. Kirkwood, John B. Nye, Stephen M. Vak, Richard Rowland.

W. James Young, National Right to Work Legal Defense Foundation, Inc., Pittsburgh, for Simon Campbell.

Thomas W. Scott, Killian & Gephart, L.L.P., Harrisburg, Katherine Marie Voye, PA State Education Association (PSEA), for Pennsylvania State Education Association, et al.

John R. Bielski, Nancy B.G. Lassen, Ralph J. Teti, Alaine S. Williams, Deborah R. Willig, Willig, Williams & Davidson,

Philadelphia, for Appellant Amicus Curiae, Council 13, AFSCME, et al.

Nathanael J. Byerly, Terry Lee Mutchler, Office of Open Records, for Office of Open Records and Terry Mutchler, Executive Director of the Office of Open Records.

Steven Jay Fishman, PA Department of Community and Economic Development, for Department of Community and Economic Development.

Susan Jane Forney, PA Office of Attorney General, Harrisburg, for Commonwealth of Pennsylvania.

Dena Lefkowitz, J Chadwick Schnee, Office of Open Records, for Office of Open Records.

Claudia Davidson, for Appellee Amicus Curiae, SEIU Healthcare PA, SEIU, CTW.

BEFORE: CASTILLE, C.J., SAYLOR, EAKIN, BAER, TODD, McCAFFERY, ORIE MELVIN, JJ.

## OPINION

Justice SAYLOR.

This direct appeal concerns the Commonwealth Court's jurisdiction over a suit brought by public school employees for injunctive and declaratory relief against the Office of Open Records, seeking to protect the employees' home addresses from disclosure under the Right to Know Law.

## I. Background

Appellants are individual school employees from multiple school districts and the Pennsylvania State Education Association ("PSEA"), an organization whose membership consists of teachers and education support professionals (collectively, "Appellants"). Due to concerns surrounding the potential disclosure of school employees' names and home addresses under the recently enacted Right–to–Know Law ("RTKL"), see 65 P.S. §§ 67.101–67.3104,[1] the PSEA sought guidance

1. Act of Feb. 14, 2008, P.L. 6, No. 3 (as amended 65 P.S. §§ 67.101–67.3104) (the "RTKL"). This enactment repealed the Right–to–Know

from the Office of Open Records (the "OOR") in the form of an advisory opinion. The OOR, however, dismissed the request as moot, as it had already issued final determinations directing the release of public records containing school employees' home addresses. *See Green v. Bethlehem Area Sch. Dist.*, No. AP 2009–0061, 2009 WL 6504420, at *5 (OOR Mar. 20, 2009) ("The OOR concludes that the School District could not establish a constitutional right to privacy in home addresses of private employees which is required to overcome their clear statutory exclusion.").[2]

Subsequently, numerous RTKL requests were filed with school districts across Pennsylvania, seeking disclosure of the names and home addresses of school employees. Of particular concern to Appellants were several requests filed by an individual utilizing a post office box because it was unclear to whom and for what purpose the information would be disseminated. Upon discovering that many school districts had not challenged, or would not challenge, the release of such information, Appellants filed a petition for review against the OOR in the Commonwealth Court, seeking preliminary and permanent injunctions prohibiting the disclosure of school employees' names and home addresses and a declaration that such information is exempt from disclosure under the RTKL. The Commonwealth Court granted two petitions to intervene by parties supporting the OOR, filed by: (1) Simon Campbell, President of StopTeacherStrikes, Inc., an advocacy group with the purpose of eliminating teacher strikes that often requests contact information for non-union school teachers, *see* Petition to Intervene of Simon Campbell, at 1–2; and (2) the Pennsylvania Association of School Retirees ("PASR"), an association of former school employees, which routinely requests the

Act which had been in effect since 1957. *See* Act of June 21, 1957, P.L. 390, No. 212 (as amended 65 P.S. §§ 66.1–66.9) (repealed 2009).

**2.** *See also, e.g., Campbell v. Richland Twp.*, No. AP 2010–0672, 2010 WL 4155149, at *4 (OOR Oct. 12, 2010); *Campbell v. Bucks Cnty. Schs. Intermediate Unit No. 22*, No. AP 2010–0843, 2010 WL 3952158, at *3 (OOR Oct. 1, 2010); *Campbell v. Cent. York Sch. Dist.*, No. AP 2010–0410, 2010 WL 2801310, at *1 (OOR June 23, 2010); *Vogt v. North Hills Sch. Dist.*, No. AP 2009–0201, 2009 WL 6504465, at *2 (OOR May 15, 2009).

names and addresses of retired employees, *see* Brief of Intervenors Pennsylvania Association of School Retirees, Kirkwood, Nye, Vak and Rowland, at 5.

By single judge order, the Commonwealth Court granted Appellants' request for a preliminary injunction, staying the release of any home addresses and requiring the OOR to notify school districts of the existence of this litigation. *See* July 28, 2009 Order (Attached to Brief of Appellants as Exhibit 1). In a subsequent opinion, Judge Friedman explained that Appellants had established all of the prerequisite elements necessary for issuance of a preliminary injunction, *see Summit Towne Ctr., Inc. v. Shoe Show of Rocky Mount, Inc.*, 573 Pa. 637, 646–47, 828 A.2d 995, 1001 (2003), and, with respect to Appellants' demonstration of a clear right to relief, specifically noted that both this Court and the Commonwealth Court have recognized that individuals possess a constitutionally protected privacy interest in their home addresses that outweighs the benefits of public disclosure. *See PSEA ex rel. Wilson v. OOR*, 981 A.2d 383, 385–86 (Pa.Cmwlth.2009) (citing, *inter alia, Sapp Roofing Co., Inc. v. Sheet Metal Workers' Int'l Ass'n, Local Union No. 12*, 552 Pa. 105, 111, 713 A.2d 627, 630 (1998) ("The disclosure of personal information (names, addresses, social security numbers, and phone numbers) reveals little, if anything, about the government's (in this case the school district's) compliance with" a particular statute.); *Cypress Media, Inc. v. Hazleton Area Sch. Dist.*, 708 A.2d 866, 870 (Pa.Cmwlth.1998) ("[T]his Court has held that a person's home address, home telephone number and social security number are not subject to disclosure under the [previous Right–to–Know] Act because the benefits of disclosing such information are outweighed by a person's privacy interests in that information.") (citations omitted)).

This Court affirmed the issuance of the preliminary injunction, "without prejudice to any party's right to appeal the Commonwealth Court's final disposition of these proceedings." *PSEA ex rel. Wilson v. OOR*, 606 Pa. 638, 2 A.3d 558 (2010) (*per curiam* ). Subsequently, the OOR filed preliminary objections, arguing, *inter alia,* that the Commonwealth Court

lacked subject matter jurisdiction and that the statutory remedy provided by the RTKL was exclusive, preventing Appellants from bringing a declaratory judgment action.

In a divided opinion, the Commonwealth Court sustained the OOR's preliminary objections, finding that the court lacked jurisdiction because Appellants had not named an indispensable Commonwealth party as a defendant. *See PSEA v. OOR*, 4 A.3d 1156, 1165–66 (Pa.Cmwlth.2010) (*en banc*) (*"PSEA"*). The majority explained that, with certain exceptions not relevant to the present matter, it has original jurisdiction over "all civil actions or proceedings ... [a]gainst the Commonwealth government, including any officer thereof, acting in his official capacity." 42 Pa.C.S. § 761(a)(1). However, the majority continued, simply naming a Commonwealth agency does not suffice for purposes of jurisdiction; rather, the Commonwealth agency named "must have a cognizable interest in the outcome of the action." *PSEA*, 4 A.3d at 1164 (citing *PSEA v. Dep't of Educ.*, 101 Pa.Cmwlth. 497, 516 A.2d 1308, 1310 (1986)); *see also* 42 Pa.C.S. § 7540(a) ("When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding."). The majority clarified that the Commonwealth agency must, in fact, be an indispensable party such that the proceeding "cannot conceivably be concluded with meaningful relief without the sovereign state itself becoming directly involved." *PSEA*, 4 A.3d at 1164 (quoting *Foreman v. Chester–Upland Sch. Dist.*, 941 A.2d 108, 113 (Pa.Cmwlth.2008)); *see also CRY, Inc. v. Mill Serv., Inc.*, 536 Pa. 462, 469, 640 A.2d 372, 375 (1994) (stating that "the basic inquiry in determining whether a party is indispensable concerns whether justice can be done in the absence of a third party").

In connection with RTKL requests, the Commonwealth Court majority explained that there are only two parties, namely, the requester and the agency from which the records are sought. The majority characterized the OOR, however, as "the tribunal that resolves disputes between requesters and

agencies." *PSEA,* 4 A.3d at 1164. As the agency is a quasi-judicial tribunal without any interest in the outcome of its adjudications, the majority reasoned, the OOR was not a proper party to the present action. *See id.* (citing *East Stroudsburg Univ. Found. v. OOR,* 995 A.2d 496, 507 (2010) (*en banc* ) (plurality) (holding that the OOR is not a party to appeals of its decisions because it has no interest in the release of another agency's records), *appeal denied,* 20 A.3d 490 (Pa.2011) (Table)). Thus, the majority concluded that the OOR could not serve as the governmental unit over which the Commonwealth Court could exercise its original jurisdiction. *See id.* (citing 42 Pa.C.S. § 761(a)(1)). Instead, the majority explained, the proper defendants were the individual school districts that actually received record requests under the RTKL. *See id.* at 1165. Further, the majority indicated:

> Courts enforce statutes. However, to challenge a statute or its application, it is never acceptable to name a court as the defendant. Indeed, merely to state the proposition is to refute it. It is no different for the Office of Open Records, which functions as a quasi-judicial tribunal, not a regulatory agency. It is not a proper defendant to [Appellants'] action, which seeks to direct its future adjudicatory actions.

*Id.* Accordingly, because, absent the OOR, no Commonwealth agency was properly named as a defendant, the Commonwealth Court majority held that the court lacked jurisdiction. *See id.* at 1166.[3]

The majority further acknowledged, although expressly did not base its decision on, *see id.* at 1163–64, two separate points. First, the court examined Appellants' privacy contentions, namely, that they possess a constitutionally protected privacy interest in their home addresses and that the privacy exemption judicially created under the previous version of the RTKL remained viable under the current statutory language. In this regard, the majority noted that, although the latter

3. The Commonwealth Court also dissolved the preliminary injunction, but this Court stayed such order pending resolution of this appeal. *See PSEA v. OOR,* No. 195 MM 2010, 2010 WL 8795339 (Pa. Nov. 1, 2010) (*per curiam* ).

inquiry was "fraught with challenge," *id.* at 1162, the former had been disposed of by this Court in *Commonwealth v. Duncan,* 572 Pa. 438, 817 A.2d 455 (2003), which held, "consistently with the realities of our modern, consumer age and the experience of other courts, that appellant does not have an expectation of privacy in his name and address that society is willing to recognize as reasonable and legitimate." *Id.* at 462, 817 A.2d at 469. *But see Hartman v. Dep't of Conservation & Natural Res.,* 892 A.2d 897, 905 n. 19 (Pa.Cmwlth.2006) (distinguishing *Duncan* on the ground that, as a criminal matter, it "is not applicable to a civil proceeding arising under the Right–to–Know Law").

The Commonwealth Court majority also recognized the possibility that it lacked jurisdiction over Appellants' declaratory judgment action because the matter was subject to "a tribunal other than a court." 42 Pa.C.S. § 7541(c)(2). The majority explained that the tribunal, namely, the OOR, is tasked by statute with the adjudication of appeals concerning requests made pursuant to the RTKL. *See* 65 P.S. § 67.1101(a). Similarly, the majority noted, the existence of an adequate statutory remedy renders the exercise of equitable jurisdiction improper. *See Borough of Green Tree v. Bd. of Prop. Assessments, Appeals & Review of Allegheny Cnty.,* 459 Pa. 268, 276, 328 A.2d 819, 823 (1974) (plurality). With regard to the process set forth in the RTKL, the majority observed that aggrieved individuals may "file a written request to provide information or to appear before the appeals officer [of the OOR] or to file information in support of the requester's or agency's position." 65 P.S. § 67.1101(c)(1).[4]

4. Section 1101(c) of the RTKL provides:
(1) A person other than the agency or requester with a direct interest in the record subject to an appeal under this section may, within 15 days following receipt of actual knowledge of the appeal but no later than the date the appeals officer issues an order, file a written request to provide information or to appear before the appeals officer or to file information in support of the requester's or agency's position.
(2) The appeals officer may grant a request under paragraph (1) if:
(i) no hearing has been held;
(ii) the appeals officer has not yet issued its order; and
(iii) the appeals officer believes the information will be probative.

Following the OOR's final determination in a matter, the majority stated that "a teacher may appeal that determination to the Court of Common Pleas of the County where the school district is located." *PSEA,* 4 A.3d at 1163 (citing 65 P.S. § 67.1302(a)).[5] Given the exclusivity of administrative remedies when available, the majority continued, even had a Commonwealth party been properly named as a defendant, a question remained as to "whether the statutory procedure established in the Right–to–Know [Law] forecloses the ability of this Court, or any court, to circumvent the statutory procedure by allowing PSEA's action for declaratory and equitable relief to proceed." *Id.* at 1164.

Judge Pellegrini dissented, concluding that the Commonwealth Court had jurisdiction over the matter because the OOR, as well as the other defendants named, fell within the statutory definition of "Commonwealth government":

> The government of the Commonwealth, including the courts and other officers or agencies of the unified judicial system, the General Assembly and its officers and agencies, the Governor, and the departments, boards, commissions, authorities and officers and agencies of the Commonwealth, but the term does not include any political subdivision, municipal or other local authority, or any officer or agency of any such political subdivision or local authority.

42 Pa.C.S. § 102. Further, Judge Pellegrini believed that the court could order meaningful relief by "directing the OOR not to order the release of home addresses of state employees," indicating that there was no lack of an indispensable party. *See PSEA,* 4 A.3d at 1167 (Pellegrini, J., dissenting).

65 P.S. § 67.1101(c)(1)-(2).

5. Section 1302 provides, in pertinent part:
   Within 30 days of the mailing date of the final determination of the appeals officer relating to a decision of a local agency issued under section 1101(b) or of the date a request for access is deemed denied, a requester or local agency may file a petition for review or other document as required by rule of court with the court of common pleas for the county where the local agency is located.
   65 P.S. § 67.1302(a).

He also noted that declaratory relief is not available when the proceeding is "within the exclusive jurisdiction of a tribunal other than a court" or involves "an appeal from an order of a tribunal." 42 Pa.C.S. § 7541(c); *see also DGS v. Frank Briscoe Co., Inc.*, 502 Pa. 449, 459, 466 A.2d 1336, 1341 (1983) ("[T]he declaratory judgment procedure may not be used to prejudge issues that are committed for initial resolution to an administrative forum, any more than it may be used as a substitute to establish in advance the merits of an appeal from that forum."). The procedures established by the RTKL, however, Judge Pellegrini reasoned, did not provide an adequate administrative remedy that would preclude Appellant's declaratory judgment action. He explained that Section 1101(c) of the RTKL only permits a third party, such as Appellants, to provide information or appear before the OOR officer under limited circumstances, and such entities do not become parties to the action. *See* 65 P.S. § 67.1101(c). Moreover, Judge Pellegrini continued, only the requestor and the agency from which records are requested have the right to appeal an adverse decision. *See* 65 P.S. § 67.1301(a) ("[A] requester or the agency may file a petition for review or other document as might be required by rule of court with the Commonwealth Court."). Because this participation is discretionary rather than of right and does not provide the right to appeal, Judge Pellegrini concluded that Appellants did not have an adequate remedy at law that would preclude their declaratory judgment action.[6]

**6.** Although he would have overruled the OOR's preliminary objections with regard to the jurisdictional issues, Judge Pellegrini would have sustained them on the merits "[b]ecause there is no constitutional right to privacy in Pennsylvania that protects disclosure of home addresses and no provision in the RTKL that grants a statutory right to non-disclosure of public employee home addresses." *PSEA v. OOR*, 4 A.3d 1156, 1171 (Pa.Cmwlth.2010) ("*PSEA*") (Pellegrini, J., dissenting). Judge McCullough joined Judge Pellegrini's dissent with regard to the jurisdictional question, but she would have overruled the preliminary objections, applied the personal security exemption, *see* 65 P.S. § 67.708(b)(1)(ii)(A), and permitted Appellants the opportunity to demonstrate that "public disclosure of the teachers' home addresses could jeopardize their personal security, and thus constitute an unwarranted invasion of their personal privacy." *PSEA*, 4 A.3d at 1174–75 (McCullough, J., dissenting).

■ Appellants appealed to this Court, arguing that the Commonwealth Court erred by refusing to exercise its original jurisdiction over their claims for declaratory and injunctive relief.[7] As the jurisdictional issue presented concerns only questions of law, our standard of review is de novo and our scope of review is plenary. *See Blount v. Philadelphia Parking Auth.*, 600 Pa. 277, 281, 965 A.2d 226, 229 (2009).

## II. Arguments

Appellants argue that the Commonwealth Court erred in finding that it lacked jurisdiction because the OOR was not an indispensable party. *See PSEA*, 4 A.3d at 1164. They explain that the Commonwealth Court possesses original jurisdiction over matters in which the agencies or officers of the Commonwealth government are parties, *see* 42 Pa.C.S. § 761(a)(1), and that the OOR, as well as the other named defendants, plainly fall within the statutory definition of "Commonwealth government," as they are "officers and agencies of the Commonwealth." 42 Pa.C.S. § 102. Further, Appellants contend that the OOR has a significant interest in the outcome of this case because it is the administrative agency charged with interpreting and enforcing the RTKL. *See* 65 P.S. § 67.1310 (establishing the OOR within the Department of Community and Economic Development). *East Stroudsburg*, 995 A.2d at 507, Appellants note, is not to the contrary, as that case addressed the OOR's standing to participate in appeals of its final determinations rather than the propriety of an independent action against the OOR. *See id.* at 506. Moreover, Appellants

7. Intervenors PASR and Campbell filed briefs asserting the same arguments as the OOR. Several unions representing teachers and state employees filed a joint *amicus* brief in support of Appellants, forwarding similar jurisdictional and substantive contentions. *See* Brief of *Amici Curiae*, Council 13, American Federation of State, County and Municipal Employees, AFL–CIO; District Council 47, American Federation of State, County and Municipal Employees, AFL–CIO; Local 22, International Association of Firefighters; and the Philadelphia Federation of Teachers, Local 3, AFT, AFL–CIO, in support of Appellants. Two additional *amicus* briefs were also filed, but neither addressed the jurisdictional questions presently before this Court. *See* Brief of *Amicus Curiae*, Office of General Counsel, in support of Appellants; Brief of *Amicus Curiae*, SEIU Healthcare Pennsylvania, in support of OOR.

contend, it is an unwarranted extension of the reasoning in that case for the Commonwealth Court to hold that, simply because the OOR is not "aggrieved" by the release of another agency's records, *see id.*, it has no interest in defending its interpretation of the RTKL in a declaratory judgment action.

The OOR's interest is especially pronounced in the present matter, Appellants argue, because proceedings before the OOR pursuant to the RTKL are unavailable to third parties, such as individual employees of a local agency, even where the substantive rights of such parties will be adversely affected by the release of records. Although Appellants acknowledge that they may be permitted to provide information or appear before an OOR appeals officer, they maintain that the officer has no statutory obligation to allow such limited participation. *See* 65 P.S. § 67.1101(c). Further, Appellants observe that, even if they were permitted such participation, they would have no right to appeal the final determination. *See* 65 P.S. § 67.1301(a) ("a requester or the agency may file a petition for review or other document as might be required by rule of court with the Commonwealth Court"). Similarly, Appellants assert that, "[w]here the administrative process has nothing to contribute to the decision of the issue and there are no special reasons for postponing its immediate decision," they should not be required to engage in a futile attempt to utilize a statutory process that is not available to them in the first instance. *See Borough of Green Tree*, 459 Pa. at 279, 328 A.2d at 824 (quoting L. Jaffe, *Judicial Control of Administrative Action* 440 (1965)); *see also Lutz v. City of Philadelphia*, 6 A.3d 669, 671 n. 3 (Pa.Cmwlth.2010) (noting that a declaratory judgment suit was proper where the plaintiff "had no other recourse since it could not directly seek administrative relief under the Right–to–Know Law" and that "the requester[ ] was the only potentially directly aggrieved party"). Further, Appellants contend that the OOR's expertise in finding facts and adjudicating disputes concerning the production of public records would not contribute to the resolution of their constitutional privacy and due process claims, particularly as the OOR's position on the issue has been aptly demonstrated by

its numerous determinations ordering the production of school employees' home addresses. *See, e.g., Green,* 2009 WL 6504420, at *5.

Given the statutory framework, Appellants argue that the RTKL is unconstitutional—either on its face or as applied to the disclosure of public school employees' home addresses— because it deprives them of their fundamental right to privacy without due process of law. Appellants note that due process applies to administrative agency proceedings and requires notice and an opportunity to be heard. *See Kowenhoven v. Cnty. of Allegheny,* 587 Pa. 545, 555–56, 901 A.2d 1003, 1009– 10 (2006) ("Due process principles apply to quasi-judicial or administrative proceedings and require an opportunity, *inter alia,* to hear the evidence adduced by the opposing party, cross-examine witnesses, introduce evidence on one's own behalf, and present argument.") (citations omitted). However, Appellants aver, the RTKL does not provide these basic constitutional requirements. *See* 65 P.S. § 67.1303(a) (providing notice of appeals from OOR adjudications and "an opportunity to respond" only to "[a]n agency, the requester and the Office of Open Records or designated appeals officer"); 65 P.S. § 67.1101(c) (permitting third parties with a direct interest to submit information or appear at a hearing before the OOR only at the appeals officer's discretion); 65 P.S. § 67.1309 (exempting the OOR from the provisions of the administrative agency law, including those that require notice and hearing).

In this regard, Appellants observe that, under the former version of the Right–to–Know Act, courts had engaged in a balancing test, weighing the individual's privacy interest against a countervailing state interest, such as, for example, transparency in governmental spending, prior to disclosure. *See Sapp Roofing,* 552 Pa. at 111, 713 A.2d at 630 ("[A]fter balancing this weak public interest in disclosure of the information and the unproven ability of the release of the requested information to assist in the enforcement of the prevailing wage laws against the individual's right to privacy and personal security, the Court concludes that the personal information

is not releasable."); *see also PSU v. SERB,* 594 Pa. 244, 258–59, 935 A.2d 530, 538 (2007) (explaining that the *Sapp Roofing* "analysis subsumes the question of whether the potential impairment of any privacy interest outweighs the public interest in the dissemination at issue"). This balancing test, Appellants continue, although nominally premised upon an interpretation of the former statute's "personal security" exception, *see PSU,* 594 Pa. at 258, 935 A.2d at 538, was constitutionally mandated because a fundamental right to privacy arises under Article I, Sections 1 and 8 of the Pennsylvania Constitution. *See Sapp Roofing,* 552 Pa. at 111, 713 A.2d at 630 ("Pennsylvania recognizes the right to privacy in Article I, § 8 of the Pennsylvania Constitution, and this Court often invokes this right to privacy to give greater protection to our citizens than that found in the United States Constitution."); *Denoncourt v. Commonwealth, State Ethics Comm'n,* 504 Pa. 191, 198, 470 A.2d 945, 948 (1983) ("The interest in avoiding a disclosure of personal matters, this Court has said, 'finds explicit protection in the Pennsylvania Constitution, Art. 1, § 1 . . . . ' ") (quoting *In re June 1979 Allegheny Cnty. Investigating Grand Jury,* 490 Pa. 143, 150–51, 415 A.2d 73, 77 (1980) (plurality)). Although there may be cases in which the scales tip in favor of disclosure, *see, e.g., Duncan,* 572 Pa. at 462, 817 A.2d at 469, Appellants contend that the balancing test must still be applied in order to adequately protect the fundamental constitutional right involved.

Appellants analogize this matter to *Kowenhoven,* 587 Pa. at 545, 901 A.2d at 1003, which involved claims for declaratory and injunctive relief in connection with the allegedly unconstitutional application of procedures implemented by a local agency for tax assessment appeals. *See id.* at 548, 901 A.2d at 1005. Despite the existence of an administrative process, Appellants explain, this Court permitted the common pleas court to address the principal constitutional claims, noting that "concerns over piecemeal litigation and inefficiency occasioned by strict adherence to the statutory appeal process are present here . . . ; thus, a multiplicity of individual *de novo* appeals to the trial court may be avoided through judicial review of the

constitutionality of the Board's overall procedures." *Id.* at 559, 901 A.2d at 1012. Similarly, Appellants continue, their claims raise constitutional issues concerning the disclosure of private information that is not only better suited to a determination via declaratory judgment, but also will not be adequately adjudicated or protected through the administrative process. Hence, because they do not have the right to participate in any statutory procedure in which their claims could be adjudicated and because the OOR is an indispensable Commonwealth party, Appellants conclude that a declaratory judgment action is appropriate, *see* 42 Pa.C.S. § 7541, and that original jurisdiction lies with the Commonwealth Court, *see* 42 Pa.C.S. § 761(a).

In response, the OOR argues that it cannot be an indispensable party to the present matter, as it is a quasi-judicial tribunal that is not "aggrieved by the release of another agency's records." *East Stroudsburg,* 995 A.2d at 507; *see also PSP v. OOR,* 5 A.3d 473, 476 n. 3 (Pa.Cmwlth.2010) ("[T]he OOR does not have standing to participate as a party in petitions for review from its determinations.") (citing *East Stroudsburg,* 995 A.2d at 507). The OOR contends that it satisfies the statutory definition of a "tribunal," *see* 42 Pa.C.S. § 102, because it is a government unit that has quasi-judicial functions, including the power to issue orders and opinions. *See* 65 P.S. §§ 67.1102(a)(4), 67.1310(a)(5). The OOR also describes its role in the administrative appeal process in connection with other agencies' responses to RTKL requests as encompassing the two defining functions of a quasi-judicial tribunal, namely, reviewing evidence and entering orders. Thus, the OOR continues, if an injunction were directed to the agency, it would have the impermissible effect of dictating the OOR's adjudicatory decisions. *See PSEA,* 4 A.3d at 1164.

Moreover, the OOR avers that: it was created to serve primarily as an adjudicator of disputes, *see* 65 P.S. § 67.1101(a)(1); it does not possess any of the requested records that form the basis of Appellants' claims; and its role in the process consists merely of issuing binding final determinations when an aggrieved party files an appeal under the

RTKL, *see* 65 P.S. § 67.1101(b). In this regard, the OOR observes that any party with a direct interest in the matter may participate in proceedings before an OOR appeals officer. *See* 65 P.S. § 67.1101(c). Indeed, the OOR notes, PSEA has done so on numerous occasions. *See, e.g., Campbell v. Cent. York Sch. Dist.,* No. AP 2009–0432, 2009 WL 6504528, at *3 (OOR July 2, 2009) ("In this case, the OOR granted PSEA's request to submit information on behalf of [the school superintendent], thus dispelling any due process concerns."). Acknowledging that caselaw concerning the statutory appeal process is divergent, the OOR nonetheless asserts that an interested party may appeal a final determination to the appropriate court. *See, e.g., In re Silberstein,* 11 A.3d 629, 631 n. 4 (Pa.Cmwlth.2011) (noting that, although he was not a party to the matter, "[t]he trial court found that Silberstein had standing to pursue an appeal because he had a direct interest in the matter"); *East Stroudsburg,* 995 A.2d at 498 n. 2 (noting that the Commonwealth Court had previously determined that a non-party with a "direct interest" in the case could appeal, even though such a right was not provided for within the RTKL, as a result of "due process safeguards"). *But see Allegheny Cnty. Dep't of Admin. Servs. v. A Second Chance, Inc.,* 13 A.3d 1025, 1034 (Pa.Cmwlth.2011) (granting intervention in judicial proceedings, rather than a right to appeal, following a directly interested party's participation in an OOR adjudication).

This process, the OOR continues, is of substantial benefit, given the fact-specific nature of disputes concerning the production of records under the RTKL, which may include such issues as what records are at issue, how local agencies have responded to the requests, what exemptions, if any, apply, and what harm, if any, will result from the release of information. Indeed, the OOR explains that this Court has recognized the exclusivity of the administrative process in order to permit the "agency involved to throw light on the issue through exercise of its specialized fact-finding function or application of its administrative expertise." *Borough of Green Tree,* 459 Pa. at 281, 328 A.2d at 825; *see also Parsowith v. Commonwealth,*

*Dep't of Revenue,* 555 Pa. 200, 207, 723 A.2d 659, 662 (1999) ("Pennsylvania appellate courts regularly require adherence to the statutorily-prescribed administrative process."). Thus, the OOR develops, its administrative expertise in this arena should be respected. *See Terminato v. Pa. Nat'l Ins. Co.,* 538 Pa. 60, 69, 645 A.2d 1287, 1291 (1994) ("When the Legislature has seen fit to enact a pervasive regulatory scheme and to establish a governmental agency possessing expertise and broad regulatory and remedial powers to administer that statutory scheme, a court should be reluctant to interfere in those matters and disputes which were intended by the Legislature to be considered, at least initially, by the administrative agency.") (quoting *Feingold v. Bell of Pa.,* 477 Pa. 1, 5, 383 A.2d 791, 793 (1977)).

As to Appellants' asserted constitutional claims, the OOR contends that Appellants cannot succeed on the merits of their declaratory judgment action because this Court has held that names and home addresses are not protected by Article I, Section 8. *See Duncan,* 572 Pa. at 455, 817 A.2d at 465 ("[A]ny subjective expectation of privacy that appellant may have had in the name and address information is not an expectation which society would be willing to recognize as objectively reasonable in light of the realities of our modern age."). The OOR observes that, in addition to the inclusion of names and addresses in telephone books, numerous statutes specifically define certain documents that include home addresses as public records. *See, e.g.,* 25 Pa.C.S. § 1207(a)(3) (voter registration applications); 23 Pa.C.S. §§ 1302, 1309 (marriage licenses); 72 P.S. § 5341.6 (records of tax assessments); 16 P.S. §§ 9781, 9782 (recording of deeds, mortgages or assignments). Disclosure under the RTKL, the OOR asserts, is no different. Further, the OOR notes, the new version of the RTKL significantly differs from the prior statute, particularly with regard to the definition of "public record" and the "personal security" exception. *See Bowling v. OOR,* 990 A.2d 813, 823 (Pa.Cmwlth.2010), *appeal granted in part,* 609 Pa. 265 (2011). In this regard, the OOR maintains that caselaw concerning a privacy interest was premised upon the statutory language

rather than any constitutional right, rendering the balancing test promoted by Appellants obsolete. *See PSU*, 594 Pa. at 258, 935 A.2d at 538 ("[W]hile Appellants invite this Court to separate our right to privacy analysis from our personal security exception analysis, it is clear that no such division is warranted."). Instead, the OOR avers, an agency seeking to deny access to a document by reference to the personal security exception must demonstrate that disclosure would be "reasonably likely to result in a substantial and demonstrable risk of physical harm to or the personal security of an individual." 65 P.S. § 67.708(b)(1)(ii). The OOR argues that this statutory analysis replaces the balancing test applied under the previous version of the RTKL. The OOR also disputes Appellants' reliance on *Kowenhoven*, as that case was a class action arising out of specific actions taken by a local agency during its appeal process. *See Kowenhoven*, 587 Pa. at 548, 901 A.2d at 1005. By contrast, the OOR distinguishes the present circumstances as involving no specific challenge to any action taken by the OOR.

Given its quasi-judicial role as well as Appellants' ability to participate in administrative proceedings, the OOR concludes that it cannot be an indispensable party to this case. *See PSEA v. Dep't of Educ.*, 516 A.2d at 1310 ("[A] Commonwealth agency should not be declared an indispensable party unless meaningful relief cannot conceivably be afforded without the sovereign itself becoming involved."); *Annenberg v. Commonwealth*, 686 A.2d 1380, 1385 (Pa.Cmwlth.1996) (concluding that, where "the involvement of the Commonwealth is minimal," the Commonwealth is not an indispensable party).

### III. Discussion

Upon our review, we agree with Appellants' central position that the OOR may fairly be regarded as an indispensable party to their efforts to secure a just, timely, and meaningful judicial resolution of their claims.

As a threshold matter, Appellants have amply established that—although school employees have (at the very least) a colorable interest in the grant or denial of RTKL requests for their personal address information—the RTKL does not make

them parties to the request or the ensuing appeal process. Indeed, affected school employees are not so much as afforded required notice of requests and/or proceedings before the OOR.[8] While the OOR portrays itself as a quasi-judicial tribunal relative to Appellants' interests, it offers an exceptionally weak rejoinder to Appellants' notice-related concerns. In this regard, the OOR merely observes that local agencies such as school districts may adopt rules to provide adequate notice. *See* Brief for the OOR at 9. Indeed, the OOR's position that affected school employees receive adequate process depends on a series of such mere possibilities: each of the some 500 school districts statewide may or may not adopt an individualized notice policy; a school employee whose address is requested may or may not receive notice of the request; a school district may or may not disclose the information to requestors; if a district does not disclose, and upon a requestor's appeal, the OOR may or may not permit the affected schoolteacher to participate in the proceedings; and the school employee may or may not be aware of any further appeal proceedings in the judiciary.

As has been observed previously on a number of occasions, the RTKL presents numerous and substantial interpretive

8. Respectfully, Justice Eakin's conclusion that "inconvenience does not equate to inadequacy," Dissenting Opinion at 522, 50 A.3d at 1283, does not account for the fact that Appellants cannot as of right intervene in or appeal from proceedings before the OOR, regardless of the strength of their interest in the subject of such proceedings. *See* 65 P.S. §§ 67.1101(c), 67.1301(a). At the OOR level, Appellants' participation in this process is subject to the discretion of the OOR appeals officer, who may or may not permit Appellants to submit information or appear at a hearing and present evidence. *See* 65 P.S. § 67.1101(c). This participation is further limited by the fact that the appeals officer may not, by statute, permit such participation if a hearing has already been held. *See* 65 P.S. § 67.1101(c)(2)(i). In addition, the RTKL restricts the time period in which Appellants may seek to provide information to the OOR appeals officer to "within 15 days following receipt of actual knowledge of the appeal but no later than the date the appeals officer issues an order," 65 P.S. § 67.1101(c), despite the fact that notice of any appeal from an OOR adjudication must be provided only to "an agency, the requester and the Office of Open Records or designated appeals officer." 65 P.S. § 67.1303(a). Furthermore, the OOR, by statute, is not required to conform to the notice and hearing provisions

challenges. *See, e.g., East Stroudsburg*, 995 A.2d at 508 n. 4 (Leadbetter, J., concurring) ("We are here faced with a new statute which embodies not only new rules, but an entirely new conceptual and procedural framework. Many of these new concepts are provided in statutory language susceptible of multiple interpretations."). The OOR, as the agency charged with the implementation of the open-records scheme, has settled on a construction which permits the disclosure of personal information of school employees without any requirement that notice be provided to such individuals. Although there are hundreds of school districts in Pennsylvania with tens of thousands of employees, it is the OOR's position that the notice issue should nevertheless be addressed only at the local level, despite the OOR's statutory authority to "promulgate regulations relating to appeals involving a Commonwealth agency or local agency." 65 P.S. § 67.504(a).

Plainly, the RTKL, as presently implemented by the OOR, does not provide public school employees with a reliable administrative or judicial method by which to seek redress for action that they believe violates the statutory scheme and/or their constitutional rights. In these unique circumstances, we have no difficulty in concluding that it is just and proper for the OOR to be haled into court to address core and colorable issues connected with such treatment at the behest of affected persons and their associations. In this regard, the issues raised by Appellants—including the propriety of the OOR's construction of the RTKL as eliminating the previous balancing test, *see Sapp Roofing*, 552 Pa. at 111, 713 A.2d at 630,[9]

generally applicable under the administrative agency law. *See* 65 P.S. § 67.1309.

**9.** Certainly, at least two members of the Commonwealth Court believed the balancing test retains continuing force under the RTKL. *See PSEA ex rel. Wilson v. OOR*, 981 A.2d 383, 385–86 (Pa.Cmwlth.2009) (opinion of Senior Judge Friedman) (granting preliminary injunction based on conclusion that Appellants' "privacy interest outweighs the Commonwealth's interest"), *aff'd*, 606 Pa. 638, 2 A.3d 558 (2010) (*per curiam*); *PSEA*, 4 A.3d at 1174 (McCullough, J., dissenting) ("I disagree with the majority's conclusion that the personal security exception provided by the former version of the RTKL has been replaced by a personal security exception to which the judicially created privacy right and corresponding balancing test no longer apply."). It is also noteworthy that the Office of General Counsel advocates the same position. *See* Brief of *Amicus Curiae* Office of General Counsel at 6–15.

and of the constitutionality of such a modification, *see PSU,* 594 Pa. at 258, 935 A.2d at 538—qualify as such important, foundational concerns.[10]

By way of analogy, it is in circumstances such as these— where the administrative process is inadequate to address the claim and where a substantial constitutional issue is raised—in which courts have fashioned a limited exception to the general rule requiring exhaustion of administrative remedies and instead permitted an aggrieved party to bring a declaratory judgment action in court. *See, e.g., Kowenhoven,* 587 Pa. at 559 n. 8, 901 A.2d at 1012 n. 8 ("[W]hat is required to confer jurisdiction on an equity court is the existence of a substantial question of constitutionality (and not a mere allegation) and the absence of an adequate statutory remedy.") (quoting *Borough of Green Tree,* 459 Pa. at 274, 328 A.2d at 822); *Parsowith,* 555 Pa. at 207, 723 A.2d at 662 (characterizing the inquiry as a "flexible, case-specific approach which permits a narrow category of claims to bypass the ordinary route of appeal, where pursuit of statutory remedies would be pointless, or such remedies would be inadequate") (citation omitted); *Shenango Valley Osteopathic Hosp. v. Dep't of Health,* 499 Pa. 39, 48, 451 A.2d 434, 438 (1982) ("[T]he doctrine of exhaustion of remedies would not bar equitable intervention where there are both a substantial question of constitutionality *and* the absence of an adequate statutory remedy.") (emphasis in original). Similarly, this Court has repeatedly emphasized that the avoidance of numerous, duplicative lawsuits supports the propriety of pursuing judicial, rather than statutory, remedies. *See, e.g., Kowenhoven,* 587 Pa. at 559, 901 A.2d at 1012 ("[A] multiplicity of individual *de novo* appeals to the trial court may be avoided through judicial review of the constitutionality of

10. We acknowledge that issues connected with the personal security exception are wending their way through the courts, and, with regard to employee home address information, the Commonwealth Court does not appear to be applying the balancing test pertaining under the prior open-records regime. *See, e.g., Delaware Cnty. v. Schaefer,* 45 A.3d 1149, 1157–59 (Pa.Cmwlth.2012). The present declaratory judgment proceedings will afford the intermediate court the opportunity to clarify its position in this regard, as applied to a discrete category of public employees.

the Board's overall procedures."); *Pentlong Corp. v. GLS Capital, Inc.*, 573 Pa. 34, 43–44, 820 A.2d 1240, 1245–46 (2003) ("Where, for instance, a legal remedy would result in a multiplicity of duplicative lawsuits and, in contrast, an action in equity would provide a tidy global resolution, this Court has found the legal remedy to be inadequate.") (superseded by statute on other grounds, 53 P.S. § 7106).

Significantly, as the Commonwealth Court recognized, determining whether "the privacy exception and its attendant balancing test have continued viability under the new Law is a proposition fraught with challenge." *PSEA*, 4 A.3d at 1162. Indeed, the parties' arguments demonstrate the substantial reasoning supporting both sides of this question and, absent recourse to the declaratory judgment avenue, it is unclear how Appellants would be able to obtain timely, meaningful judicial review of the issue. *Cf. Ohio Cas. Group of Ins. Cos. v. Argonaut Ins. Co.*, 514 Pa. 430, 437, 525 A.2d 1195, 1198 (1987) ("[I]t is clear that without a concrete procedural remedy the litigant could in no way achieve a resolution of his claim except by the grace of the party against whom he is proceeding."). Particularly in the absence of administrative or judicial process reliably afforded to affected school employees, we find that the circumstances fall well within the contemplation of the General Assembly in its prescription of the Declaratory Judgment Act. *See* 42 Pa.C.S. § 7541(a) ("This subchapter is declared to be remedial. Its purpose is to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations, and is to be liberally construed and administered.").[11]

11. Obviously, due process is a prominent concern underlying our approach here. *See generally Kowenhoven*, 587 Pa. at 555–56, 901 A.2d at 1009–10; *East Stroudsburg*, 995 A.2d at 499 n. 2 ("[D]ue process safeguards in the Pennsylvania and United States Constitutions required that before any direct interest was affected, the party had to be given an opportunity to be heard.") (citing, *inter alia, Mathews v. Eldridge*, 424 U.S. 319, 334, 96 S.Ct. 893, 902, 47 L.Ed.2d 18 (1976)); *see also Pa. Coal Min. Ass'n v. Ins. Dep't*, 471 Pa. 437, 451, 370 A.2d 685, 692 (1977) ("[P]rocedural protection should be given before the government takes action which threatens to deprive a citizen of an interest, unless important governmental interests, or the preservation of the interests of others, require otherwise."). In this regard, we note

In determining whether a party is indispensable, the basic inquiry remains "whether justice can be done in the absence of a third party." *CRY*, 536 Pa. at 469, 640 A.2d at 375. Here, we conclude that justice cannot be done in the OOR's absence.

Accordingly, the decision of the Commonwealth Court is vacated, and the matter is remanded for further proceedings consistent with this opinion. Jurisdiction is relinquished.

Justice ORIE MELVIN did not participate in the decision of this case.

Chief Justice CASTILLE, Justices BAER, TODD and. McCAFFERY join the opinion.

Chief Justice CASTILLE files a Concurring Opinion in which Justice Baer joins.

Justice TODD files a Concurring Opinion.

Justice EAKIN files a Dissenting Opinion.

Chief Justice CASTILLE, concurring.

I join the Majority Opinion. I write separately to note primarily that this case illustrates some of the problems regarding due process afforded third parties to a record request under the Right–to–Know Law, to which I adverted in *SWB Yankees L.L.C. v. Wintermantel*, 45 A.3d 1029 (Pa.2012). Here, appellants—the Pennsylvania State Education Association ("PSEA") and individual affected teachers—emphasize that teachers whose home addresses are subject to requests for school district records are not parties in the initial disclosure process and, generally, have no right or opportunity to seek review by the Office of Open Records ("OOR") or in

that the dissent does not proffer any adequate, alternative procedure by which Appellants would be able to, as of right, obtain review of their constitutional claims, even though such claims have already been deemed sufficient to justify the issuance of a preliminary injunction. *See Pennsylvania State Educ. Ass'n ex rel. Wilson v. Commonwealth, Dept. of Community & Econ. Dev., Office of Open Records*, 981 A.2d 383, 385–86 (Pa.Cmwlth.2009), *aff'd*, 606 Pa. 638, 2 A.3d 558 (2010) (*per curiam* ).

court of a decision to release this personal information affecting only them individually. Appellants' Brief at 17. The Majority agrees that an adequate administrative or judicial process is not provided under the terms of the Right–to–Know Law and, therefore, holds that filing a declaratory judgment action against the OOR in the Commonwealth Court's original jurisdiction was appropriate. Majority Op. at 512, 50 A.3d at 1277. I agree with the Majority's assessment and resolution of this matter.

In my *SWB Yankees* concurrence, I expressed the concern that the Right–to–Know Law provides an inadequate procedure by which private parties affected by a record request would be able to participate in the administrative process and subsequent judicial review of an OOR adjudication. Although arguably the more appropriate party in interest, SWB Yankees did not receive notice of the initial record request, and did not participate either in the agency's decision to deny access to the records or in the requestors' appeal to the OOR. SWB Yankees intervened in the matter only after the OOR ordered release of the entity's records by filing an appeal from the OOR's adjudication to the court of common pleas. As I explained in my concurrence, subsequent judicial review in this Court appeared materially affected by how the matter proceeded through the administrative process, as SWB Yankees pursued relief on grounds limited to those specific issues addressed by the agency and the OOR in proceedings in which SWB Yankees did not participate. As a result, on appeal to this Court, the parties did not address foundational notions on which the decision may have turned, such as whether the requested information was a "public record" in the first instance. *Id.* at 1045 & n. 2, 1048 (Castille, C.J., concurring). *Cf. Allegheny County Dep't of Admin. Servs. v. A Second Chance, Inc.*, 13 A.3d 1025, 1031 (Pa.Cmwlth.2011) (entertaining requestor's argument that claim was waived because raised for first time by agency and third party, as intervenor, in trial court upon appeal from OOR adjudication; ultimately rejecting waiver argument based on conclusion that agency preserved claim in its denial letter and during OOR appeal); *Signature Info. Solutions, L.L.C. v. Aston Township*, 995 A.2d

510, 514 (Pa.Cmwlth.2010) (Right–to–Know Law does not permit agency that has given specific reason for denial of records request to assert different reason for denial on appeal).

The gaps in the administrative and judicial review process existing in the Right–to–Know Law to which I adverted in *SWB Yankees* again are at the center of the present dispute. Beyond the immediate question of whether PSEA may call upon the Commonwealth Court to exercise its original jurisdiction and decide this matter under the Declaratory Judgment Act, I am persuaded that appellants correctly identify substantial due process concerns, especially regarding notice to and the right to appeal by third parties affected by a Right–to–Know Law request (*i.e.*, not the requestor or the agency to which the request is made). Appellants' Brief at 19–20; 23–24; *accord Lutz v. City of Philadelphia,* 6 A.3d 669, 671–72 (Pa.Cmwlth.2010) ("grievant police officers, have no means to restrict access to the information in the records [related to grievance arbitration awards] or appeal a decision by the City to release any or all of that information").

Moreover, from a review of this Court's decisional law and that of the Commonwealth Court—the numerosity of reported decisions (and pending disputes) itself is testament to the problems created by the statute—it appears that these gaps in the statutory scheme have left the OOR floundering about in determining its identity, its role, and even its position in actual disputes. For example, in this appeal, the OOR takes the position that notice to school employees regarding a request for disclosure of personal information should be addressed at a local level, via regulations promulgated by individual school districts. OOR's Brief at 9, 12 (citing 65 P.S. §§ 67.504(a), 67.1101(a)). The OOR's position appears to have some support in the plain language of the provisions it cites, because Section 504(a) grants local agencies the authority to "promulgate regulations and policies necessary for the agency to implement [the Right–to–Know Law]." *See* 65 P.S. § 67.504(a); *but see* 65 P.S. § 67.1101(a) (authorizing filing of appeal by requestor). But, the Right–to–Know Law also authorizes the OOR to "promulgate regulations relating to appeals involving

a Commonwealth agency or local agency." *See* 65 P.S. § 67.504(a); *see also* 65 P.S. § 67.1102(b) ("Procedures.—The Office of Open Records ... may adopt procedures relating to appeals under this chapter."). As a practical matter, the OOR may be in the best position to devise an adequate procedure governing all appeals to the OOR that complies with and promotes uniformity in the OOR's administration of the Right–to–Know Law. As applied here though, the downside of the approach advocated by the OOR is obvious: individual school districts do not have the OOR's expertise regarding enforcement of the Right–to–Know Law necessary to implement an adequate policy; school districts may or may not adopt policies in time to address record requests; and the school districts' action is likely to result in a patchwork of policies that may or may not resolve due process concerns. Accordingly, I am skeptical of the OOR's apparent decision to abdicate its potential role as the agency responsible for adopting regulations that facilitate the appeal process and its administration of the Right–to–Know Law, uniformly and in accordance with its expertise. *See, generally,* 65 P.S. § 67.1310(a).

A further example of what may be termed the OOR's growing pains under the statute it administers is its insistence that it is not a proper party in original jurisdiction actions or, for that matter, in appeals from its determinations, because it is asserted that the OOR is simply a quasi-judicial tribunal created to serve as adjudicator of disputes and with no direct interest in the matters before it. *See* OOR's Brief at 7 (citing *East Stroudsburg Univ. Found. v. Office of Open Records,* 995 A.2d 496, 507 (Pa.Cmwlth.2010) (OOR performs only adjudicatory function and, therefore, lacks "standing" to defend its decision on appeal); *Pa. State Police v. Office of Open Records,* 5 A.3d 473, 476 n. 3 (Pa.Cmwlth.2010) (same, but also noting that Commonwealth Court had deemed OOR interested party prior to *East Stroudsburg* decision)); *see also Housing Auth. of City of Pittsburgh v. Van Osdol,* 40 A.3d 209, 212 (Pa.Cmwlth.2012) (after being named appellee, OOR advised court that it would not file brief or appear at argument); *Dep't*

*of Corrections v. Office of Open Records,* 18 A.3d 429, 432 (Pa.Cmwlth.2011) (OOR filed *amicus curiae* brief addressing issue of whether it properly considered requester's appeal). The OOR's assertion is simplistic and unrealistic, given its other roles within the statutory scheme, such as adopting regulations and issuing advisory opinions; in these respects, it is not unlike any other Commonwealth agency. *See, e.g.,* 65 P.S. §§ 67.504(a); 67.1310(a). Nonetheless, the Commonwealth Court here sanctioned the OOR's view of its role, also citing the decision in *East Stroudsburg.*[1]

Commonwealth agencies which act in an adjudicatory capacity may also act as parties in appeals to the Commonwealth Court from the agency's adjudication. *See, e.g., Dep't of Labor & Ind., Bureau of Workers' Comp. v. Workers' Comp. Appeal Bd. (Crawford & Co.),* 611 Pa.10, 23 A.3d 511 (2011) (appeal naming agency that rendered adjudication; agency did not file brief); *Riverwalk Casino, L.P. v. Pa. Gaming Control Bd.,* 592 Pa. 505, 926 A.2d 926, 935 (2007) (appeal naming

1. The Commonwealth Court addressed the OOR's participation as a party in the *East Stroudsburg* appeal from its adjudication, and that decision's progeny, as an issue of "standing." 995 A.2d at 507. But, "the core of the concept of standing is that a person who is not adversely affected in any way by the matter **he seeks to challenge** is not aggrieved thereby and has no right to obtain a judicial resolution of his challenge." *Commonwealth, Pa. Game Comm'n v. Commonwealth, Dep't of Env. Res.,* 521 Pa. 121, 555 A.2d 812, 815 (1989) (emphasis added). In the *East Stroudsburg* appeal, as here, the OOR was not mounting any challenge but was in a defensive posture; accordingly, an inquiry into its "standing" in that appeal was misplaced. Indeed, in support of its decision, the Commonwealth Court relied on cases in which the agency at issue was an appellant, without apparent appreciation of the procedural posture of the cases. The Commonwealth Court's extrapolation to cases in which the agency is in a defensive procedural posture, whether in the Commonwealth Court's original or appellate jurisdiction, is questionable. Moreover, even where the agency is seeking to bring legal action, standing is a fact-intensive matter, of which the party's agency status and role in the statutory scheme are but factors. *See, e.g., id.* at 815–16; *Pa. Gaming Control Bd. v. City Council of Philadelphia,* 593 Pa. 241, 928 A.2d 1255, 1265–66 (2007) (agency has standing to request that elected officials be enjoined from submitting ballot question to Philadelphia electorate on election day). *But see id.* at 505, 50 A.3d at 1273 (Castille, J., dissenting) ("Board, a bureaucratic entity, lacks standing to seek to enjoin the right of the People to vote on a proposed change to their City Charter").

agency that "serves as a quasi-judicial body with fact-finding and deliberative responsibilities"; agency filed brief defending its decision); *see also Rendell v. Pa. State Ethics Comm'n,* 603 Pa. 292, 983 A.2d 708 (2009) (declaratory judgment action against agency concerning agency's interpretation of governing statute in advisory opinion). Administrative agencies commonly establish "walls of division" between their prosecutory staff and adjudicative functions "necessary to ensure that their administrative procedures comport with due process." *Stone and Edwards Ins. Agency, Inc. v. Commonwealth, Dep't of Ins.,* 538 Pa. 276, 648 A.2d 304, 308 (1994). Absent "actual commingling" of these functions, the quasi-judicial character and impartiality of the administrative agency in its adjudicatory capacity is not compromised, and a party's right to due process is not violated. *Id.* Indeed, the Right–to–Know Law authorizes the OOR to appoint staff attorneys, other than appeals officers, to perform those functions of representing the OOR in the Commonwealth Court. 65 P.S. § 67.1310(d); *see, e.g., Lyness v. Commonwealth, State Bd. of Medicine,* 529 Pa. 535, 605 A.2d 1204, 1211 (1992) ("fatal defect here lies in the administrative regulations, and the loose interpretation afforded those regulations by the [State Board of Medicine,] which defect can be readily cured by placing the prosecutorial functions in a group of individuals, or entity, distinct from the Board which renders the ultimate adjudication"); *George Clay Steam Fire Engine & Hose Co. v. Pa. Human Relations Comm'n,* 162 Pa.Cmwlth. 468, 639 A.2d 893, 901 (1994) ("commission did not commingle its functions because the regulations require the commissioners to make final adjudications whereas the commission's staff finds probable cause").

Partly because of the statutory gaps and the OOR's related "identity crisis," the Commonwealth Court's jurisprudence also betrays uncertainty regarding that court's own role in the legislative scheme. In this instance, the result of the Commonwealth Court's decision was that a significant number of persons, the only persons whose privacy was directly affected by the OOR's decision, were left with no legal recourse. *Accord Lutz, supra; see also Chester Cmty. Charter Sch. v.*

Hardy, *38 A.3d 1079, 1084 (2012) (sanctioning* ex parte *communication between requestor and appeals officer because "Right–to–Know Law provisions are directed at protecting the requester's rights, not the agency's").* In light of these concerns, I would encourage the Commonwealth Court to be more vigilant concerning the rather obvious, serious flaws in the Right–to–Know Law, which leaves courts to decipher the General Assembly's efforts in this area of law. The Commonwealth Court, as the front line of the judiciary in these matters, should be mindful of its impact on the real people affected by the requests, along with the effects on the agency responding (oftentimes unevenly) to record requests.

Justice BAER joins the opinion.

Justice TODD, concurring.

I join the Majority Opinion, subject to the observations expressed below.

Initially, today's opinion should not be read to alter or subordinate the requirements under the Judicial Code regarding the original jurisdiction of the Commonwealth Court. 42 Pa.C.S.A. § 761. Indeed, in delineating the original jurisdiction of the Commonwealth Court, the legislature imposed the necessity of an action against the "Commonwealth government." 42 Pa.C.S.A. § 761(a)(1). This mandate is satisfied here, as the Judicial Code defines the "Commonwealth government" as including "the courts and other officers or agencies of the unified judicial system, the General Assembly and its officers and agencies, the Governor, and the departments, boards, commissions, authorities and officers and agencies of the Commonwealth." 42 Pa.C.S.A. § 102. The Office of Open Records ("OOR") is clearly an agency of the Commonwealth under this definition, and, thus, this prerequisite for jurisdiction is satisfied.

Furthermore, case law clarifies that naming a Commonwealth agency is not enough to satisfy the jurisdictional requirement; the agency must also be an indispensable party. *See CRY, Inc. v. Mill Serv., Inc.,* 536 Pa. 462, 472–74, 640 A.2d

372, 377–78 (1994). While the majority properly grounds its analysis regarding the requirement of an indispensable party on the "basic inquiry" of "whether justice can be done in the absence of a third party," Majority Opinion at 513, 50 A.3d at 1277 (citing *CRY*, 536 Pa. at 469, 640 A.2d at 375), I do not read the Majority Opinion as discarding, *sub silentio*, the factors which our Court has traditionally considered in determining indispensable party status, which are implicitly considered in the majority's analysis. *See Mechanicsburg Area Sch. Dist. v. Kline*, 494 Pa. 476, 481, 431 A.2d 953, 956 (1981) (an indispensable party consideration involves "at least" the following: (1) Do absent parties have a right or interest related to the claim; (2) If so, what is the nature of that right or interest; (3) Is that right or interest essential to the merits of the issue; (4) Can justice be afforded without violating the due process right of absent parties); *see also City of Phila. v. Com.*, 575 Pa. 542, 567 n. 11, 838 A.2d 566, 582 n. 11 (2003); *CRY*, 536 Pa. at 468–69, 640 A.2d at 375.

Finally, the Declaratory Judgment Act provides that relief is not available when a matter is "[p]roceeding within the exclusive jurisdiction of a tribunal other than a court." 42 Pa.C.S.A. § 7541(c)(2). As the majority recognizes, the Commonwealth Court did not ground its decision on this provision, yet that court acknowledged the possibility that it may not have jurisdiction over Appellant's declaratory judgment action on this basis. The court noted that, as a tribunal, the OOR adjudicates appeals concerning requests made under the Right to Know Law, and that the existence of a statutory remedy may render the exercise of its jurisdiction improper. *PSEA v. Com.*, 4 A.3d 1156, 1162–64 (Pa.Cmwlth.2010). As offered by the majority, however, the Right To Know Law does not grant Appellants the right to intervene or appeal from a decision of the OOR, and, thus, does not provide Appellants a "reliable administrative or judicial method by which to seek redress for action that they believe violates the statutory scheme and/or their constitutional rights." Majority Opinion at 510, 50 A.3d at 1275–76. Therefore, the Commonwealth Court's suggestion

that it lacked jurisdiction under the Declaratory Judgment Act on this basis is without merit. Majority Opinion at 512, 50 A.3d at 1277.

Justice EAKIN, dissenting.

As I would affirm Judge Leavitt's determination that the Office of Open Records (OOR), as a quasi-judicial tribunal, is not an indispensable party to this action, I respectfully dissent.

An agency must have a direct interest in the outcome of the action to be named as an indispensable party to a lawsuit. *Sprague v. Casey*, 520 Pa. 38, 550 A.2d 184, 189 (1988); *see also Mechanicsburg Area School Dist. v. Kline*, 494 Pa. 476, 431 A.2d 953, 956 (1981). An indispensable party is one whose rights are so connected with the claims of the litigants that no relief can be granted without infringing upon those rights. *Id.* A Commonwealth agency should not be declared an indispensable party to a proceeding unless such action cannot conceivably be concluded with meaningful relief without the sovereign itself becoming directly involved. *Scherbick v. Community College of Allegheny County*, 479 Pa. 216, 387 A.2d 1301, 1302–03 (1978) (quoting *Ross v. Keitt*, 10 Pa.Cmwlth. 375, 308 A.2d 906, 909 (1973)). An adjudicatory agency serves as an independent decision-maker with no interest in the underlying matter. *East Stroudsburg University Foundation v. Office of Open Records*, 995 A.2d 496, 507 (Pa.Cmwlth.2010) ("The OOR does not have standing to defend its decision because it is not aggrieved by the release of another's agency records[.]"). Such an agency is not aggrieved by its own decisions; therefore, it is a dispensable party. *Id.*

It is fundamental that litigants exhaust all adequate and available administrative remedies prior to resorting to judicial remedies. *County of Berks ex rel. Baldwin v. Pa. Labor Relations Board*, 544 Pa. 541, 678 A.2d 355, 360 (1996); *see* 1 Pa.C.S. § 1504.[1] In order for a party to avoid this require-

---

1. In all cases where a remedy is provided or a duty is enjoined or anything is directed to be done by any statute, the directions of the statute shall be strictly pursued, and no penalty shall be inflicted, or

ment, there must be an "absence of a statutorily-prescribed remedy or, if such a remedy exists, then a showing of its inadequacy under the circumstances." *County of Berks,* at 360.

The OOR, as a tribunal to which a dispute or cause is referred for decision, cannot be a "party" to an action in the customary sense of the word. A quasi-judicial tribunal such as the OOR was intended to be impartial, to hear and to adjudge, and it should not be forced to convert itself into the partisan advocate against a party whose action it has heard. To require such would abolish its quasi-judicial character and impartiality, and is repugnant to the traditional common law heritage of judicial detachment and freedom from interest. *See Pa. Labor Relations Board v. Heinel Motors,* 344 Pa. 238, 25 A.2d 306, 307 (1942).

"The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly." 1 Pa.C.S. § 1921(a). When a statute's words are "clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." *Id.,* § 1921(b). The majority concludes the OOR's administrative process under the RTKL is inadequate and unreliable; however, inconvenience does not equate to inadequacy. The statutory procedure mandated by the RTKL is clearly defined; it requires the parties to this action be the requester and the school districts whose records are being requested. As a quasi-judicial tribunal, the OOR has no cognizable interest in the outcome of PSEA's claim; therefore, it is not an indispensable party to this action.

Because I find OOR is not an indispensible party to PSEA's action, I would affirm the Commonwealth Court's holding. Accordingly, I respectfully dissent.

———

anything done agreeably to the common law, in such cases, further than shall be necessary for carrying such statute into effect. *Id.,* § 1504.